## CORNELIUS R. FIELD *et al.*

### *v.*

## THE CHICAGO, DANVILLE AND VINCENNES R. R. Co.

1. PRACTICE—*rule construed as to putting causes on trial docket.* A rule of court that "every original suit in which issue has been joined, and every appeal suit, may be placed upon the trial calendar by filing with the clerk a written or printed request to that effect, on or before the Tuesday preceding each trial term," etc., was *held*, not to require that the issues of a suit should be made up on the Tuesday preceding the commencement of the trial term, to entitle the same to be placed upon the trial docket, but it will be sufficient if they are made up on the first day of the term.

2. PRACTICE IN SUPREME COURT—*reversal for violation of court rules.* This court will not reverse a judgment for the reason that the inferior court has violated one of its own rules, except it is apparent that injustice has been done.

3. INSTRUCTIONS—*repeating.* It is not error to refuse an instruction where others are given substantially the same as the one refused.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. OBADIAH JACKSON, for the appellants.

Mr. E. WALKER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee against appellants, in the circuit court of Cook county.

The pleas of appellants were filed on the 25th day of February, 1873. Replications, which all concluded to the country, were filed on the 17th day of March, 1873, which was the first day of the March term of court.

The cause was placed on the trial docket for the March term, and on the 20th day of March called for trial, on which day, as is shown on page 22 of the record, appellants entered a motion to strike the cause from the trial calendar, for the reason that the issues were not made up at the commencement of the term. This motion was overruled, and a trial had before a jury, which resulted in a verdict in favor of appellee for $5726.16.

It is urged for appellants a reversal of the judgment on two grounds—

*First.* The court erred in not striking the cause from the trial docket.

*Second.* Because the court refused to give appellants' third instruction.

In support of the first point made, appellants incorporated in the bill of exceptions three rules of the court. The third reads as follows:

" Rules Nos. 1 and 2 are so modified that every original suit in which the issue has been joined, and every appeal suit, may be placed upon the trial calendar by filing with the clerk a written or printed request to that effect, on or before the Tuesday preceding each trial term, and in no case shall it be necessary to serve a trial notice upon the opposite attorney, and said causes shall be placed upon the trial calendar in the order in which they have been commenced."

It is claimed that this rule required the issue to be made up on the Tuesday preceding the commencement of the term of court, otherwise the case could not go upon the trial calendar. The rule, however, does not read in that way; it requires the notice to be served on the clerk on Tuesday before the commencement of the term, and it requires the issue to be made at the time the case is placed on the trial calendar. If notice was served, as required by the rule, and issue was joined on the morning of the first day of the term, and then the clerk made up the trial docket before court was begun, he certainly would be justified, under this rule, in placing the cause on the trial docket, and, for aught that appears, this may have occurred. The cause was at issue on the first day of the term, and we will presume it was placed on the trial calendar after the issue was formed, unless the contrary expressly appears.

But if it were true the court had violated one of its rules, we would not for that reason alone reverse, unless it was apparent that injustice had been done, which does not appear in this case. *Mix Impl.* v. *Chandler et al.* 44 Ill. 175.

As to the second point relied upon by appellants, we do not think the court erred in refusing his third instruction, for the reason that the first instruction given in his behalf is in substance like the one refused. It was not error for the court to refuse duplicate instructions.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*