## Manufacturers Paper Company et al. v. Robert Lindblom et al.

1.  ATTORNEYS—*Inexcusable Negligence—Negligence of His Client.*— Attorneys who are served with notice by opposing counsel of his intention to make certain motions in court at a certain time, when their client's interest demands their presence, and who ignore such notice, are inexcusably negligent, and their negligence is the negligence of their client.

2.  STOCKHOLDERS—*Any One May be Made Party to Creditor's Bill.*— In the case of a creditor's bill against a corporation, the stock liability of any one or more stockholders may be enforced without making the other stockholders, parties.

3.  RECEIVERS—*When Not a Necessary Party to a Creditor's Bill.*—The mere appointment of a receiver in a prior creditor's bill without a conveyance to him of the company's assets, does not vest him with any such interest as will make him a necessary party to a subsequent creditor's bill filed by another creditor.

**Creditor's Bill.**—Trial in the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Finding and decree for complainants; appeal by defendants. Heard in this court at the October term, 1898. Reversed with directions. Opinion filed February 23, 1899.

### STATEMENT OF CASE.

Appellees Lindblom and Klein, August 7, 1896, filed a bill against appellants, appellees Wulff, Felton and Bary, James Pease, the sheriff of Cook county, Chicago Daily Press Co. and Max Polachek, asking that a decree theretofore, on April 17, 1896, recovered by appellants against appellees and others, *pro confesso*, and upon evidence heard in open court, for different amounts, varying from $500 to $12,250, be set aside and decreed to be fraudulent and void

as to said Lindblom and Klein, and that the sheriff be enjoined from levying executions on their property, etc. Appellants and also Wulff, Bary, Felton, Pease and the Press Co. answered, and Wulff, Bary and Felton filed cross-bills, asking similar relief as to them. Polachek was defaulted. After issues were completed, a trial before the chancellor on testimony in open court, resulted in a decree which finds that on June 11, 1894, there was pending in this court, on the chancery side thereof, a suit commenced by the Manufacturers Paper Company and the Centralia Pulp and Water Power Company against the Chicago Daily Press Company, the original complainants herein, Lindblom and Klein, and the cross-complainants Wulff, Felton and Bary, together with Max Polachek, Lawrence P. Boyle, Joseph Hoffman, J. McVicker Brown, Leo Waterman and Frank T. Kinnare, administrator of C. A. Webb, deceased; that said bill was what is commonly called a creditor's bill, based upon certain judgments which are alleged to have been recovered against the Chicago Daily Press Company; that on June 11, 1894, there was pending in said suit the several demurrers of Wulff, Lindblom, Klein and Boyle to said bill; that on said June 11, 1894, said demurrers were called up and overruled; and a rule entered on said last named defendants to answer said bill within ten days from said June 11, 1894; that on June 26, 1894, default was entered against said Wulff, Boyle, Lindblom and Felton for not complying with the rule aforesaid entered on said June 11, 1894; that on April 30, 1895, like default was entered against Fred Klein for failure to comply with said rule; that on March 16, 1896, a decree was made and entered in said cause, making certain findings against said Chicago Daily Press Company, Lindblom, Wulff, Bary, Felton, Polachek, Klein and Boyle; that the overruling of the demurrers of Wulff, Lindblom, Klein and Boyle was wrongfully, inadvertently, improvidently and by misapprehension of the facts by the court, entered in said cause in violation and contravention of the rules of practice of said court and without due and proper notice under said rule to the respect-

ive parties to said demurrers and their solicitors of the taking up and disposition of said matter; that the default of Wulff, Boyle, Lindblom and Felton taken June 26, 1896,. was wrongfully, inadvertently, improvidently and by misapprehension of the facts made and entered in said cause in violation and contravention of the rules of practice of said court and without due and proper notice to the parties so defaulted and their solicitors; that the default of Fred Klein entered on April 30, 1895, was wrongfully, inadvertently, improvidently and by misapprehension of the facts by the court made and entered in said cause in violation and contravention of the rules of practice of said court and without proper notice to said Klein or his solicitors; that the decree made and entered in said cause on the 16th day of March, 1896, was, as against the said Lindblom, Klein, Wulff, Felton and Bary, wrongfully, inadvertently, improvidently and by misapprehension of the facts by the court, made and entered in said cause in violation and contravention of the rules of practice and without proper notice to said parties or their solicitors; that the overruling of the demurrers aforesaid and all subsequent orders, proceedings and decree aforesaid against the said Lindblom, Klein, Wulff, Felton and Bary, were improperly, inadvertently, improvidently and fraudulently made and entered, and were a fraud upon their rights.

And the court thereupon decreed that the order overruling the said demurrers of Wulff, Lindblom, Klein and Boyle be, and the same is, hereby set aside, vacated and annulled; that the said defaults of said Wulff, Boyle, Lindblom, Felton and Klein be, and are, hereby set aside, vacated and annulled; that the decree entered in said cause on the 16th day of March, 1896, as to the said Lindblom, Wulff, Boyle, Felton and Klein be, and are, hereby vacated, annulled and set aside.

The decree further recites that thereupon the Manufacturers Paper Company and the Centralia Pulp and Water Power Company elected to stand by the decree entered in said cause on the 16th day of March, 1896, and to stand

upon the record thereof as made, and excepted to the decree of this court vacating and setting aside said decree, and refused to further prosecute said last mentioned suit. Whereupon, it is adjudged, ordered and decreed that the bill of complaint in said case is dismissed for want of equity, the complainants offering no proof in support thereof.

From this decree the appeal is taken. It appears from the record, that the basis of the decree is a rule of the Circuit Court in which the original decree in appellants' favor was rendered, viz.:

"Contested Motions: Contested motions shall be deemed to include all motions pertaining to the settling of pleadings * * * and all other opposed motions, the hearing of which will operate to unduly delay the court in its other duties; a calendar of such motions will be made up on Friday of each week for hearing on the following Monday in the order of filing notice thereof with the minute clerk, and will be posted in the court room. The court may at its discretion continue the call of said calendar from day to day, or on a particular day to be specified without notice, except as may be announced during the call thereof, and may, whenever in its opinion, the exigency of the case requires it, hear particular motions at any time. * * * To entitle a motion to be placed and heard upon a contested motion calendar, notice thereof, together with a copy of all affidavits and all other pertinent and competent papers relied on and to be read in support thereof * * * must be served upon the solicitors of the opposing party before four o'clock in the afternoon of the preceding Thursday. * * * Said notice, with proof of acceptance of service thereof, must be delivered to the minute clerk before two o'clock P. M. of Friday."

This rule was in force at the time said demurrers were overruled and when the decree in appellants' favor was entered; and also evidence to the effect that notice of the taking up of these demurrers was served on the 8th and 9th days of June, 1894, on appellees' solicitors; that on Monday, the 11th day of June, 1894, at the hour of ten o'clock A. M., before Judge Tuthill, the complainants (appellants) would move that the demurrers be overruled and that a rule would be entered on each of the defendants to answer

within a short time to be fixed by the court.   This notice was received on the days named, 8th and 9th of June, 1894, by counsel for Lindblom, Klein and Wulff, without objec- ·tion, but they gave no attention to the notice, except that they ascertained from an examination of the Law Bulletin published in Chicago, that contested motions would not be called by Judge Tuthill on June 11, 1894, but would be con- tinued one week; that said counsel were subscribers to the Law Bulletin, which has been a law publication in Chicago for many years, and is generally relied on by lawyers, including said counsel, as to the course of business, the calls of calendars and motions, and of orders entered in the courts in Chicago; that although said counsel ascertained that on Monday, June 11, 1895, there would be no call of contested motion by Judge Tuthill, and the same would be continued one week, they made no examination of the Law Bulletin to ascertain what orders were entered by said judge, on that day, nor whether the motion in question was on the call June 18, 1894, nor whether any order was entered on said motion on that day; that the following is a copy of min- utes of orders entered before Judge Tuthill on June 11, 1894:

"Term No. 4,226, general No. 109,467, Hilda R. Quitsel v. Marius H. Quitsel.   Rule to show cause for failure to pay alimony, returnable Wednesday, 10 A. M.

Term No. 8,604, general No. 124,249, Manufacturers Paper Company et al. v. Chicago Daily Press Company et al.   Demurrer Henry Wulff, Robert Lindblom, Fred Klein and Lawrence P. Boyle, overruled.   Ruled to answer ten days.

Term No. 91, general No. 63,418, Hagins v. Mulvey. Motion for jury denied and dismissed as to George D. Phelps and John B. Drake, and as to lots 15 and 16, block of Derby's Sub.

General No. 130,792, George Rutter v. Switchmen's M. A. A. of N. A.   Order appointing receiver vacated.

Term No. 8,445, Hulda Seifert. v. Rudolph Merchant et al.   Stipulation dismissed, N. C.

Term No. 8,725, general No. 124,641, Conklin, receiver, v. Springer.   Order, answer guardian *ad litem* to be filed *nunc pro tunc* as of June 6, 1894.   Decree to sell lots.

Term No. 6,318, general No. 116,043, Larson v. Atwater. Order to amend bill, file answer and replication (draft)."

That these orders and others appeared in said Law Bulletin, in the issue of that date, as having been entered by said judge on June 11, 1894; that on June 11, 1894, Judge Tuthill, besides entering the above orders, also had a general call of chancery cases, but in none of these were the pleadings settled except as above; that it was a common practice of said judge to hear motions of the nature of the motion in question, which were ordinarily heard as contested motions, as motions of course, when told by counsel that a demurrer was filed for delay, and the opposing counsel did not appear in opposition to the motion; that on August 21, 1882, the following general order was entered by the Circuit Court, viz.:

"Ordered that the rules of the Circuit Court of Cook county be amended by adding thereto a rule of procedure as follows:

'Hereafter, on the call of the trial calendar of common law cases, there will be a preliminary call of not exceeding fifty cases at 10 o'clock A. M., each day, for the purpose of ascertaining what cases are ready for trial, on which call cases will be marked for trial, dismissed or continued, as suggested by counsel or for cause shown, and when neither party to the suit answers, original suits will be dismissed for want of prosecution, and appeals will be dismissed with *procedendo*. After the preliminary calls motions will be heard, and then cases marked for trial will be taken up and disposed of in their order.

The preliminary calls will be dispensed with when cases marked for trial on previous call are likely to take up the time of the court for one or more days.

Announcements of the calls in the Chicago Daily Law Bulletin will be deemed sufficient to parties and their attorneys.'"

That in another case in which a receiver had been appointed for said Press Company, to which appellants were not parties nor privies, after a hearing upon evidence produced before Judge Tuley of said Circuit Court pursuant to an agreement of submission of matters in controversy, made under the statute in such case provided, it was held and

decreed that said Lindblom was not liable for unpaid subscriptions or unpaid stock as a stockholder in said Press Company, which liability is the basis of the said decree against said Lindblom in appellants' favor, and that Lindblom and his said counsel had no knowledge of the entry of appellants' decree against him until June, 1896; that neither Wulff nor Felton knew of appellants' decree until June, 1896. The chancellor ruled that evidence offered on the question of indebtedness of Lindblom, Wulff and Felton to the Press Company was not admissible. No evidence on the question of indebtedness of Klein or Bary was offered, nor as to their knowledge of appellants' decree against them which, from its recitals, appears to have been *pro confesso* as to Klein and Bary. No evidence was offered by appellants.

DEFREES, BRACE & RITTER, attorneys for appellants.

It was not necessary to join all stockholders of the defendant company against which the judgment was entered. Hatch v. Dana, 101 U. S. 205; Young v. Farrell, 139 Ill. 326.

The receiver appointed in the Webb and Boyle cases was not a necessary party to the original bill. Heffron v. Gage, 149 Ill. 182.

The neglect of the attorneys to attend the hearing of the motion is to be imputed to appellees themselves, and the effect is the same as if it had been their personal neglect. Weeks on Attorneys, Chap. 12, Sec. 294; Stenzel v. Sims, 25 Ill. App. 538; Schultz v. Meiselbar, 44 Ill. App. 233; Same v. Same, 144 Ill. 26.

The receiver, not being in actual possession, and not having reduced the claims against the stockholders to his possession, and having no title thereto by virtue of his appointment, was not a necessary party to the bill. Heffron v. Gage, *supra*.

HENRY T. HELM, attorney for appellee Robert Lindblom.

W. J. BULGER, attorney for appellee Charles E. Felton.

STEDMAN & SOELKE, attorneys for Henry Wulff, contended

that the procedure in courts below was a fraud upon appellees.

The complainants in the creditor's bill in the court below in which the erroneous and injurious decree sought to be reviewed was entered, who are appellants here, were the moving parties who instigated and induced the wrongful action of the court below. They are held to have known that their notice served on Saturday, if any such was served, would not authorize the court to act upon the demurrers then pending; they are equally held to have known that the rules of the court required that such demurrers should only be considered upon the regular calling of the contested motion calendar; they are held to have known that the action of the court, in considering the same on that day in the absence of the opposite party, and in the entering of the order then entered, was doing a wrong which would cause an injury to the defendants in that procedure; they are held to have been parties to this open disregard of the rules of the court, and of the wrongful action of the court in the premises, and their acts are justly held in law to be a fraud upon the injured party. This position is supported by a large number of cases in our own courts. Griggs et al. v. Gear, 3 Gilm. 3; McConnel v. Gibson, 12 Ill. 128; Shinkle v. Letcher, 47 Ill. 217; Harris et al. v. Cornell et al., 80 Ill. 54; Chicago Bldg. Socy. v. Haas, 111 Ill. 176; Sutherland v. Reeve, 41 Ill. App. 296; Sayles v. Mann, 4 Ill. App. 516; Doughty v. Doughty, 27 N. J. Eq. 315.

The appellees were not guilty of *laches* in not attending in pursuance of the notice given on Saturday. Beveridge v. Hewitt, 8 Ill. App. 567.

The rules of the court when established have the force of law and are obligatory upon the court itself as well as upon the parties to causes pending before it. While the court may at any time modify or even rescind its rules, yet until it does so it should administer them according to their terms and it can have no discretion to apply them or not according to its convenience unless such discretion is reserved in the rules themselves. Owens v. Ranstead, 22 Ill. 161; I. C. R. R. Co.

v. Haskins, 115 Ill. 300; Beveridge v. Hewitt, 8 Ill. App. 467; Lancaster v. W. & S. W. Ry. Co., 132 Ill. 493; Consolidated R. T. & E. R. Co. v. O'Neill, 25 Ill. App. 314.

MR. PRESIDING JUSTICE WINDES after making the above statement delivered the opinion of the court.

Various contentions are made by appellants and appellees against and in favor of the action of the chancellor in setting aside the original decree in appellants' favor and in dismissing appellants' original bill for want of equity because they refused to further prosecute their said bill. Many of the points made we deem it unnecessary to consider, because of the conclusion we have reached.

This cause was before this court on an appeal by the present appellants from an interlocutory order of injunction granted upon the bill of appellees (68 Ill. App. 539). What is there said by Mr. Justice Shepard as to the nature of the bill, whether it was a pure bill of review or a bill in the nature of a bill of review, and upon the *laches* of appellees, fully and properly disposes of the contentions in that regard.

The rule of the Circuit Court in question, by its express terms, while under the definition it gives of contested motions is included the motion of appellants that the demurrers be overruled, vests the court with the discretion, " whenever in its opinion the exigency of the case requires it," to hear a particular motion at any time. This being so, the court acted clearly within its rule in hearing the motion of appellant to overrule the demurrers without placing it on the contested motion calendar. Moreover, the fact that Judge Tuthill, who heard and disposed of the demurrers, frequently heard similar motions without their being placed on the contested motion calendar, and that it does not appear but that the counsel representing the demurrers knew of such practice, would justify the presumption that they knew of such practice. But even if they did not, they were bound to take notice of the plain provision of the rule which vested the court with such power, and

when they were served with notice on Friday or Saturday before, that appellants' counsel would on Monday, June 11, 1894, at 10 A. M., or as soon thereafter as counsel could be heard, move that the demurrers be overruled, making no objection to such notice at the time and failing to make any objection known to the court, it became their imperative duty, in the interest of their clients, to attend before the court in obedience to the notice, and see to it that the motion was not heard without being placed upon the calendar of contested motions, or that they were heard. and had knowledge of the disposition made of it by the court. Appellees make an especial point in their evidence and in argument, that they relied upon the Law Bulletin for information as to the calls of the courts from day to day and the orders entered, and have. put in evidence a rule relating to the call of the trial calendar of common law cases, which has this provision, viz.: "Announcements of the calls in the Chicago Daily Law Bulletin will be deemed sufficient to parties and their attorneys," but they admit that they did not examine the same bulletin to see whether any order was entered on June 11, 1894, pursuant to the notices served upon them by appellants' counsel. They also say that they ascertained from notices in the same bulletin on June 8, 1894 (and that was a fact), that Judge Tuthill's contested motion calendar for June 11, 1894, was continued one week, but they did not examine the bulletin of June 18, 1894, to see if any disposition was made of the motion. This was inexcusable negligence on their part, and their negligence is the negligence of appellees. Kern v. Strousberger, 71 Ill. 413; Ward v. Durham, 134 Ill. 195; Schultz v. Meiselbar, 144 Ill. 26; Bardonski v. Bardonski, Id. 284.

But conceding that the notice was proper, and the court did not err in proceeding to a disposition of the demurrers upon such notice, it is argued that the demurrers should have been sustained because a receiver of the Press Company who had been previously appointed in another creditor's bill was not a party, nor were all the stockholders of the Press Company made parties, and that both the receiver and all the stockholders were necessary parties.

We can not assent to this contention. Appellants' bill was a creditor's bill—not a bill to wind up a defunct corporation and distribute its assets among its creditors. In the case of a creditor's bill against a corporation, the stock liability of any one or more stockholders may be enforced without making the other stockholders parties. Young v. Farwell, 139 Ill. 326; Siegel v. Andrews & Co., 78 Ill. App. 611.

The mere appointment of a receiver in the prior creditor's bill, without a conveyance to him of the Press Company's assets, did not vest him with any such interest as made him a necessary party to appellants' bill. Heffron v. Gage, 149 Ill. 182, and cases cited.

The fact that Lindblom in the hearing before Judge Tuley was held not to be liable, was in no way binding upon appellants, as they were not parties to that case, having withdrawn from it more than a year before, and even if they were, Lindblom should have interposed the adjudication as a defense to appellants' bill.

The finding and decree of the chancellor that the order overruling the demurrers, all subsequent orders, proceedings and decree in appellants' favor were inadvertently and fraudulently made, and that they were a fraud upon appellees' rights, are manifestly against the evidence in the record. We have seen that, under the court's rule, they were not improperly nor improvidently made and entered. While the decree is manifestly against the evidence, in so far as it sets aside the former decree and the order overruling the demurrers, and is also wholly unwarranted in dismissing appellants' bill for want of equity instead of for want of prosecution, because they offered no evidence in support of it (Hoffman v. Schoyer, 143 Ill. 621), and must for these reasons be reversed, we are further of opinion that the negligence of appellees is such as to bar them of any relief, and that the decree should be and is reversed, with directions to the Circuit Court to dismiss the bill of Lindblom and Klein, and also the cross-bills of Wulff, Felton and Bary for want of equity.

Reversed with directions.