Hunt v. Pronger.

## Thomas E. Hunt et al. v. E. C. Pronger et al.

### Gen. No. 12,475.

1. ASSIGNMENT OF ERRORS—*what will be considered.* Only those assignments of error which are argued will be considered on review.

2. ABSTRACT—*when insufficient to review action of court in denying change of venue.* An abstract containing the following: "Petition by complainants filed July 17, 1905, verified July 15, 1905, for the change of venue in the cause, on account of the prejudice," etc., and that the petition was denied, is insufficient to present for review the action of the court in denying such application.

3. CHANGE OF VENUE—*when petition for, insufficient.* A petition for change of venue is insufficient which does not show when the prejudice upon which the application is predicated came to the knowledge of the petitioner, where but for such a showing delay in making the application is apparent on the face of the petition.

4. CONTESTED-MOTION CALENDAR—*rule with respect to, does not compel judge to place contested motion upon.* The rule of the Circuit Court providing for a contested-motion calendar, by its express terms, permits a judge to hear an opposed motion without placing the same on the contested-motion calendar.

5. RULES OF COURT—*when failure to observe, not ground for reversal.* The failure of a court to follow its own rules is not ground for reversal, unless it is apparent that injustice has been done.

6. INJUNCTION—*who may join in motion to dissolve.* A party to a bill upon which an injunction has been granted may join in the motion to dissolve the same, notwithstanding he is not included in the injunction.

7. INJUNCTION—*when damages upon dissolution of, not improperly awarded to one not restrained.* A party not restrained is not improperly included in the award of damages upon dissolution where such

party joined with the other parties to the bill in the motion to dissolve and no complaint is made by such other parties.

8. SOLICITOR'S FEES—*power of chancellor to fix amount of, independent of evidence.* A chancellor in fixing the value of solicitor's fees may exercise his independent judgment exclusive of the testimony as to the value of such services.

Assessment of damages upon dissolution of injunction. Appeal from the Circuit Court of Cook County; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed May 7, 1906. Rehearing denied May 21, 1906.

**Statement by the Court.** This is an appeal from a decree for damages in the sum of $500, in favor of the appellees, rendered on the dissolution of an injunction sued out by appellants. The appellants May 5, 1905, filed a bill of complaint against appellees, praying, among other things, for an injunction to restrain the appellees, Robert L. James, individually and as president of the Quaker Mining Co.; E. C. Pronger, individually and as secretary and treasurer of said company; Archibald Cattell, Joseph P. Eames and W. D. Henke, from transferring or otherwise disposing of certain shares of the stock of the Quaker Mining Co., and, on the filing of the bill, an injunction was issued as prayed. A joint and several demurrer to the bill was filed by E. C. Pronger, W. D. Henke, Martha Souders and W. G. Souders, April 13, 1905, and the appellees, James, Cattell and Eames, filed separate answers under oath. Replications were filed to the answers. May 3, 1905, the cause came up to be heard on the motion of the appellees, James, Pronger, Cattell, Martha J. Souders, W. D. Henke and Joseph P. Eames, theretofore made, to dissolve the injunction, and the court dissolved the injunction and gave leave to the appellees last above mentioned to file suggestions of damages within ten days, and May 11, 1905, they so did, and, July 17, 1905, on their motion, the names of James, Eames and Cattell were stricken from the suggestion of damages. July 18, 1905, the court entered a decree, assessing the damages of appellees Pronger, W. G. and Martha Souders and W. D. Henke at the sum of $500. The court finds in said decree that the counsel for the defendants

rendered services on the motion to dissolve the injunction of the value of $500.   The court, by the same decree, dismissed appellants' bill for want of equity, as to E. C. Pronger, W. G. Souders, Martha Souders and W. D. Henke.

C. LEWIS FRANING and JAMES R. WARD, for appellants.

JOSEPH P. EAMES and ARCHIBALD CATTELL, for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The appeal in this case is from the entire decree, including that part of it dismissing the bill for want of equity; but the argument of appellants is confined solely to that part of the decree assessing damages on the dissolution of the injunction.    Therefore, that only will be considered. The argument for appellants is not very coherent, but the questions which are argued are (1) whether the court erred in denying a petition of appellants for a change of venue, or (2) in acting in violation of the rules of the court, or (3) in allowing the full amount for services rendered by counsel for appellees, for all the appellees.    All the proceedings took place before the Hon. John L. Healy.    July 17, 1905, appellants filed a petition for change of venue, which the court denied.    All the abstract shows with regard to that petition is as follows:   "Petition by complainants filed July 17, 1905, verified July 15, 1905, for the change of venue in the cause, on account of the prejudice of Judge Healy," and that the petition was denied.    Manifestly, the abstract is not sufficient to enable us to pass on the question of the sufficiency of the petition, which, of itself, is enough to dispose of the objection.    However, we have read in the record the affidavit of service of notice of the application and the petition.    It appears from the affidavit that notice was served July 15, 1905, and the petition fails to state when knowledge of the alleged prejudice of the judge came to the appellants.    This was necessary, as the suit was commenced April 5, 1905, to the May term of the

court, at which term the application might have been made, and it was not made until the July term, the June term having intervened. Hurd's Rev. Stat. 1903, p. 1898, secs. 6 and 7. Toledo, W. & W. Ry. Co. v. Eddy, 72 Ill. 138. The petition is insufficient, came too late and was properly denied.

On July 13, 1905, on which day the suggestion of damages came on for hearing, appellants objected to the hearing of testimony on said suggestion on that day, basing their objections on paragraphs 7 to 11, inclusive, of rule 4 of the court; but the court overruled the objection and, on appellants' counsel stating that appellants desired to file a petition for a change of venue, the hearing was adjourned till July 17, 1905. The rule provides, among other things, as follows:

"Contested motions shall be deemed to include all motions pertaining to the settling of pleadings, for alimony and solicitors' fees, for injunctions upon notice; to dissolve injunctions, for the appointment and removal of receivers, the hearing of exceptions to masters' and receivers' reports, and all other opposed motions, the hearing of which will operate to unduly delay the court in its other duties. A calendar of such motions will be made up on Friday of each week for hearing on the following Monday, in the order of filing notices thereof, with the minute clerk, and will be posted in the court room. The court may, in its discretion, continue the call of said calendar from day to day, or on a particular day to be specified, without notice, except as may be announced during the call thereof, and may, whenever in its opinion the exigency of the case requires it, hear particular motions at any time."

It thus appears that, by the express letter of the rule, it was within the discretion of the court to hear the motion without its being placed on the contested-motion calendar. Manufacturers Paper Co. v. Lindblom, 80 Ill. App. 267, 275. The suggestion of damages was filed May 11, 1905, and was not called for hearing till July 13, 1905, and prior to its being called for hearing, no motion was made by appellants to have it placed on the contested-motion calendar. July 13, 1905, was Friday. Had the suggestion of

Hunt v. Pronger.

damages been transferred to the contested-motion calendar, it would, under the rule, have stood for hearing the next Monday or Tuesday, before the same judge, so that the objection is purely technical, and of no force even as a technicality, the matter being in the discretion of the court. Even when the court acts contrary to its rules, this will not be ground for reversal, unless it is apparent that injustice has been done. Field v. Railroad Co., 68 Ill. 367. That the rule was made for the convenience of the court and to prevent delay is manifest from the language of the rule, namely, "and all other motions, the hearing of which will operate to unduly delay the court in its other duties." The objection was properly overruled.

Counsel for appellants contend that the decree, in awarding damages to W. G. Souders and Martha Souders, is manifestly erroneous, for the reason that they were not enjoined. Appellants made W. G. and Martha Souders defendants to the bill, and we are not prepared to hold that a defendant, although not enjoined with other defendants, in respect to the subject-matter of the bill, may not, if interested in the matter of the injunction, move to dissolve the injunction, and join in the suggestion of damages. Counsel for appellants do not, in their argument, point out or claim that W. J. and Martha Souders were not interested in the matter of the injunction, or in having the same dissolved, but rely merely on the fact that the injunction did not run against them. This may be true, and yet they may have been injuriously affected by the injunction, and, therefore, interested in having it dissolved. They joined with the appellees E. C. Pronger and W. D. Henke in moving for dissolution of the injunction, and also in the suggestion of damages. If Pronger and Henke were willing to have them share with them in the damages, we cannot perceive how appellants can be in any way prejudiced. None of the parties in whose favor the damages were assessed can ever recover damages against appellants on account of the injunction. The decree is *res judicata* as to each and all of them.

"An error without prejudice is always a harmless error."

Elliott on Appellate Procedure, section 632, and cases cited.

Counsel for appellants contend that the evidence shows that the services, for which damages were awarded for services of counsel, included services not rendered on the motion to dissolve the injunction, and that the sum awarded is excessive. We cannot concur in these contentions. John Barton Payne, Esq., was the solicitor who acted in reference to the motion to dissolve the injunction. In his testimony he says he was retained for the purpose of having the injunction dissolved, that he did not draft the answers which were used as affidavits on the motion to dissolve, and thinks he did not draft the demurrer, and there is no evidence that he did, and, in testifying as to counsel's fees for preparation for the motion to dissolve, appearing in court in regard to the motion and arguing it, he confines his evidence exclusively to services in regard to the motion. In answer to a question whether he argued the demurrer, he answered: "I should say, incidentally, yes." The demurrer, and the answers, as affidavits, were used in the argument. The language of the former is, in substance, that there is no equity in the bill, and it was strictly legitimate, and, as we think, unavoidable, to insist, on the hearing of the motion, that there was no equity in the bill. In Marks v. Columbia Yacht Club, 219 Ill. 421, it was objected that a demurrer filed by counsel who appeared on the motion to dissolve the injunction was argued on said motion; but the court said that made no difference. The evidence for the appellees was that the services rendered on the motion to dissolve the injunction were reasonably worth $500, and appellants introduced no evidence as to their value. The chancellor, had he thought proper so to do, might have exercised his independent judgment, exclusive of the testimony as to the value of the services, and have fixed such value at a less sum than that testified to. Lee v. Lomax, 219 Ill. 218. But, apparently, his judgment of the value of the services corresponded with the testimony given in open court, and he so found and decreed.

The decree will be affirmed.          *Affirmed.*