Scott R. Tiedman et al., Appellees, v. Edmund K. Jarecki, Judge of County Court of Cook County, et al Paul H. Reis, Acting Judge of County Court of Cook County, Appellant.

Gen. No. 41,893.

364

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed April 20, 1942.

ADAMOWSKI, SALLEMI & CROWLEY, of Chicago, for appellant; JAMES V. SALLEMI and JOSEPH B. CROWLEY, both of Chicago, of counsel.

JAMES V. KENNY and MARKMAN, DONOVAN & SULLIVAN, all of Chicago, for certain appellees; W. W. KRIEBEL, JR., of Chicago, of counsel.

BARNET HODES, Corporation Counsel, and MARTIN H. FOSS, Assistant Corporation Counsel, for certain other appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs filed a petition in the Superior court of Cook county, against defendants praying that the common law writ of certiorari issue directed to the defendants commanding them to certify the record of a proceeding had in the County court of Cook county to contest the validity of an election held November 5, 1940, to determine whether the sale at retail of alcoholic liquor was to be prohibited in the 1st Precinct

of the 39th Ward in the City of Chicago. Defendant Paul H. Reis, Acting Judge of the County court of Cook county, filed his written motion to dismiss the petition. The motion was overruled and judgment entered quashing proceedings of the County court. Judge REIS prosecutes this appeal.

The record discloses that November 22, 1940, five legal voters of the 1st Precinct of the 39th Ward of Chicago, filed their petition "to contest the validity of election and for recount of ballots." The election was held November 5, 1940, and a number of matters are alleged as grounds for holding the election invalid. The prayer was that the court decree the election was improperly held and was therefore null and void. A further prayer was that th e ballot boxes be opened and the ballots recounted. Simultaneously with the filing of the petition, the petitioners presented their bond for costs and it was at that time filed and approved by Judge ALBERT E. ISLEY, Acting Judge of the County court of Cook county. Summons was issued, served, and afterward, November 29, 1940, an order was entered granting leave to 9 residents of the precinct to intervene and defend. They filed an intervening petition which was afterward amended, and moved to strike the petition, which was denied, and it was ordered that the intervening petition, as amended, stand as their answer.

The record of the County court proceedings which was filed in the Superior court as a return to the writ, further disclosed that February 21, 1941, Judge REIS, who was at his home in Belleville, St. Clair County, Illinois, was Judge of the Probate court of St. Clair County, of which we take judicial notice. He wrote a letter to the Deputy Clerk of the County court of Cook county in the election contest matter then pending which had been heard by him as acting judge of the County court of Cook county, in which he stated that he had received briefs and arguments of both

parties, and having considered them, directed the clerk to enter the following order on the docket: " 'The Court finds the allegations in the "PETITION TO CONTEST THE VALIDITY OF ELECTION AND FOR RECOUNT OF BALLOTS" duly proven.'

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the prayer of the Petition be granted and that the alleged Election held on November 5th, 1940 on the Ballot designated as 'OFFICIAL LIQUOR PROPOSITION BALLOT' in Precinct One (1) of Thirty Ninth (39th) Ward, of the City of Chicago, County of Cook, State of Illinois, be declared null and void and of no effect."

Three days later, February 24, the following order appears in the record of the County court of Cook county in the case: "ORDER OF ELECTION OF November 5, 1940, held null and void and of no effect. (See Written Opinion.)" Three days thereafter, February 27, the intervening defendants filed their written motion for a new trial, specifying a number of reasons, one of which was that the judgment order on its face shows that the order was executed in Belleville, St. Clair county, Illinois. A number of other specifications are then made. April 26th, following, an order was entered by Judge REIS, as Acting Judge of the County court of Cook county, overruling defendants' motion for a new trial, their motion in arrest of judgment and continuing: "THEREFORE, IT IS ORDERED AND ADJUDGED by the Court, in accordance with the finding heretofore entered herein that the election of November 5th on the Official Proposition Ballot in Precinct One of Ward Thirty-nine (39) of the City of Chicago, be and it is hereby declared null and void, and the petitioners pay the costs of this proceeding." Five days thereafter, May 1, 1941, the petition for writ of certiorari in the instant case, was filed in the Superior court of Cook county.

June 30, 1941, the order, from which the appeal in

the instant case was taken, was entered. It recites the matter came on for hearing on the motion of Judge REIS, Acting Judge of the County court of Cook county, to dismiss the petition; that the record of the proceedings in the County court was duly certified and presented to the court, and the court "having heard and considered the arguments of counsel for petitioners herein and for said defendant, Paul H. Reis, and having examined and considered the said record of the County Court" finds that it had jurisdiction of the subject matter and of the parties.

"That the said County Court of Cook County was without jurisdiction in the said cause of *Abraham J. Role, et al. vs. Ludwig C. Schreiber, etc., et al.,* Case No. 96729 [being the election contest proceeding in the County court] because the bond filed in said proceedings is one with personal surety and there is no stipulation of the parties or order for good cause shown of record in said proceedings waiving a compliance with Section 1 of Rule 22 of the County Court of Cook County as set forth in the petition herein;

"That the purported order entered in said cause on February 24th, 1941 is void for want of jurisdiction;

"That the petition filed in said proceeding 'to contest the validity of election and for recount of ballots' is irregular as to content and not in proper form in that the County Court had and has no jurisdiction in the matter of a recount of ballots in an election contest under the provisions of the Illinois Liquor Control Act." It was ordered that the motion of Judge REIS to dismiss the petition and to quash the writ be denied, and that all other proceedings in the County court in the election contest be quashed and held for naught.

In *Brown v. VanKeuren,* 340 Ill. 118, it was held: "the circuit court may award the common law writ of *certiorari* to the county court to review its proceed-

ings in statutory proceedings where its decision is final and where the legislature has failed to provide for a review of its decision.

"The only office which the common law writ of *certiorari* performs is to bring before the court the record of the proceedings of an inferior tribunal for an inspection by a superior tribunal. The superior tribunal, upon an inspection of the record, alone, when the writ is sufficient and the writ has been properly issued, determines whether the inferior tribunal had jurisdiction of the parties and of the subject matter, and whether it has exceeded its jurisdiction or has otherwise proceeded in violation of law."

The proceeding in the County court to contest the election is authorized by par. 182, § 17, ch. 43, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 68.090]. The material part of that section is: "Any five legal voters of any political subdivision, district, precinct . . . in which an election shall have been held as provided for in this Act, may within ten days after the canvas of the returns of such election and upon filing a bond for costs, contest the validity of such election by filing a verified petition in the County Court of the county in which such political subdivision, district, precinct . . . is situated." The section then provides for summons, etc., and the hearing of the case and continues: "The County Court shall have the final jurisdiction to hear and determine the merits of such cases" and that any legal voter of the precinct may appear in defense of the validity of the election. Section 1 of Rule 22 of the County court of Cook county which the Superior court held had been so violated as to deprive the County court of Cook county to hear the case provides:

"Unless the Court, by order entered upon stipulation of the parties or upon good cause shown, shall otherwise direct, no bond with personal surety shall be approved by this Court until the person or persons

offered as surety shall have subscribed and sworn to a schedule substantially in the following form:'' Then follows a form of the conventional schedule to be signed by the personal sureties.

As above stated, the bond for costs was executed by the five legal voters of the precinct as principals, and by an individual as surety, and it is marked ''approved'' by Albert E. Isley, Acting County Judge of Cook county. It was filed at the time the petition was filed. Judge REIS, in his motion to dismiss the petition in the instant case, specifies a number of grounds, one of which was that the return to the writ, which showed the record of the case in the County court, failed to include the evidence adduced on the hearing in the County court, which was material to the issues there involved, and that such evidence would show that by agreement of parties, the court was authorized by them to enter the order of February 24, 1941, in the manner above shown—by writing a letter to the deputy clerk of the County court of Cook county which included the form of the order entered. But whether this order, entered as it was, is valid, is wholly immaterial because afterward, April 26, 1941, when Judge REIS was sitting in the County court of Cook county, an order was entered overruling defendants' motion for a new trial and their motion in arrest of judgment and it was ordered and adjudged that the election of November 5 be declared null and void. This order was valid and binding in every way.

We think the Superior court was in error in holding that the County court was without jurisdiction because it approved a bond for costs signed by an individual surety when the rule required that such surety should also file a schedule. There is no such provision in par. 182, ch. 43, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 68.090], from which we have above quoted. Moreover, the objection to the bond is hypercritical and unwarranted.

In *People v. Davis,* 357 Ill. 396, the court said: "Rules of court should be obeyed. This, however, does not imply such unswerving obedience as to preclude reasonable action thereunder. where no material harm is done to any litigant. . . . We can perceive no reason why rules of court should be interpreted or construed more strictly than statutes in general. When we apply the well known canons of construction used in construing general statutes to the rules in question, the inescapable conclusion is that the rules have been substantially complied with, judged by the reason for their existence and the results to be achieved by their operation. Such rules are not mandatory, for in a particular case, for good cause, they may be disregarded." And as was said in *Field v. Chicago D. & V. R. Co.,* 68 Ill. 367: "But if it were true the court had violated one of its rules, we would not for that reason alone reverse, unless it was apparent that injustice had been done, which does not appear in this case."

But plaintiff contends the judgment of the Superior court is right and should be affirmed because the County court had no jurisdiction to recount the ballots —to determine the result of the election—that that function could only be performed by the Circuit court, that the County court's jurisdiction was limited to passing on the *validity* of the election and not the *result,* and in support of this *Mayes v. City of Albion,* 374 Ill. 605, is cited. We think that case sustains the contention of plaintiffs. But from an examination of the record before us it is not at all clear that the ballots were counted in the proceeding in the County court. That court had jurisdiction to pass upon the validity of the election. It held that the election was null and void and therefore the counting of the ballots was an idle gesture—wholly immaterial.

For the error in holding that the County court had no jurisdiction because the surety did not file a

schedule to the bond, the judgment of the Superior court of Cook county is reversed and the cause remanded with directions to sustain Judge REIS's motion to dismiss the petition for writ of certiorari and to quash the writ.

*Reversed and remanded with directions.*

McSURELY, P. J., and MATCHETT, J., concur.