Jaroslava Minarik, Plaintiff, Florence Ellison, Petitioner-Appellant, v. Commonwealth Edison Company, and Northern Illinois Gas Company, Appellees.

### Gen. No. 46,987.

First District, First Division.

January 7, 1957.

Released for publication February 11, 1957.

Harry R. Booth, Joseph Keig, Sr., and John O'C. Fitzgerald, all of Chicago, for appellant.

Isham, Lincoln & Beale, of Chicago, for Commonwealth Edison Company; Charles A. Bane, of counsel.

PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Florence Ellison, herein called petitioner, the owner of two of more than 6,000,000 outstanding shares of

common stock of the defendant Northern Illinois Gas Company, herein called Northern, appeals from an order denying her petition to vacate an order of dismissal, on stipulation of the parties signed by plaintiff pro se without prejudice, of plaintiff's derivative action to recover from defendant Commonwealth Edison Company, herein called Edison, on behalf of Northern, $6,500,000, alleged to be promoter's profit made by Edison out of its purchase and sale of the preferred stock (100,000 shares) of Northern.

The complaint herein was filed April 27, 1955. On May 18, 1955, after notice to plaintiff's attorneys and pursuant to stipulation signed by plaintiff pro se, the complaint was stricken and the cause dismissed without prejudice at plaintiff's costs, all costs having been paid. On June 2, 1955, petitioner being represented by the attorneys who filed the original complaint herein, filed her petition to vacate the order of dismissal of May 18, 1955 and for permission to intervene and be made party-plaintiff in the cause and to adopt the complaint theretofore filed. In this petition it was alleged that the suit was dismissed without notice of the proposed dismissal being given to the common stockholders of Northern, as required by Rule 28 of the Superior Court, as follows:

"A class action shall not be dismissed or compromised without the approval of the court. If the right sought to be enforced is joint or common or secondary, in the sense that the owner of a primary right refuses to enforce the right, and a member of the class thereby becomes entitled to enforce it, notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

The prayer of the petition was denied.

No prejudice to petitioner by the dismissal of this suit is alleged or proved. So far as the record shows, she may at any time institute as party plain-

411

tiff a similar action against defendants for the relief prayed for in the original complaint. The right of a plaintiff to control the litigation, notwithstanding the protest of her attorneys of record, cannot be questioned, and the court in its discretion could recognize plaintiff's stipulation. Henchey v. City of Chicago, 41 Ill. 136. This suit, being a derivative action, was a class action covered by Rule 28 of the Superior Court, hereinabove quoted. However, as the dismissal of the suit was without prejudice, the rule of court was not applicable. It is not and cannot be contended that the order of dismissal herein is a bar to an original action by petitioner. In considering a similar rule in the federal courts it was held that the rule did not apply where the dismissal of the action could not affect any person other than the named plaintiff. May v. Midwest Refining Co., 121 F.2d 431 (C.C.A. 1st Cir.). Moreover, if the order of dismissal was a violation of the rule of the Superior Court, that fact is not ground for reversal where, as here, no injustice has been done to anyone. Field v. Chicago, D. & V. R. R. Co., 68 Ill. 367.

The order is affirmed.

Affirmed.

BURKE and FRIEND, JJ., concur.