NATIONAL BANK OF AUSTIN, Trustee under Trust No. 4173, Plaintiff-Appellee, *v.* RIVER FOREST STATE BANK, Trustee under Trust No. 760 *et al.,* Defendants-Appellants.

(No. 55913; )

First District—December 17, 1971.

John W. Flynn, of Chicago, (Peter G. Frezados, of counsel,) for appellant.

Martin, Drucker, Karcazes, Kreisman, Epstein & Kite, of Chicago, (David S. Kreisman and Fred L. Drucker, of counsel,) for appellee.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

This interlocutory appeal is taken from an order granting a temporary mandatory injunction to plaintiff-lessee requiring removal of a fence and enjoining defendants-lessors from interfering with the use and enjoyment of certain demised premises consisting of vacant land.

Plaintiff, National Bank of Austin, was trustee-lessee of the premises owned by defendant-trustee-lessor, River Forest State Bank. Beneficiaries of the River Forest trust were Gregory and Esther Frezados, defendants,

who subsequently also acquired a one-fourth interest in and became beneficiaries of the Austin trust.

On July 3, 1970, defendant-trustee, by and through its agent, Gregory Frezados, sent plaintiff a ten-day notice of default under the lease, thereby notifying plaintiff of its failure to pay rent and taxes in the amount of $1,636.82 and plaintiff's failure to carry insurance as required by the lease.

Plaintiff forwarded the ten-day notice to George Goutos, one of the beneficiaries under the Austin trust and the holder of the power of direction. On July 13, 1970, Goutos made a tender of cure to defendant Frezados, including rent due and an insurance binder on the property for one year from July 13, 1970. The tender was refused because it did not show evidence of insurance coverage from the inception of the lease (as required by the lease) and for other reasons.

Soon after refusal of tender, defendant Frezados had a concrete and steel fence erected along one side of the property which is located at 63rd Street and Harlem Avenue in Summit, Illinois.

Plaintiff filed a petition for a temporary injunction against defendants asking removal of the fence. The lower court granted the petition, ordered removal of the fence, and directed defendants to refrain from interfering with plaintiff or its beneficiaries in the use, occupancy or enjoyment of the premises. From that order defendants appeal.

Defendants argue that the court erred in issuing a mandatory temporary injunction because plaintiff had not shown serious injury or the existence of extreme urgency which would require removal of the fence. We agree in part.

Plaintiff's petition contended that at the time the fence was constructed, it prevented an adjoining restaurant from using the land as a parking lot. However, the evidence and the arguments of counsel disclose that the fence was erected as an indicia of ownership and did not substantially interfere with the use of the land for parking. In fact, testimony by George Goutos, a beneficiary under the Austin trust, admits that, despite the presence of the fence, cars are still able to use the lots in question by entering the premises from 63rd Street, Harlem Avenue, or through an adjoining alley. Other witnesses testified that as many as 40 cars frequently park on the property. In light of such evidence, plaintiff has failed to show serious injury resulting from the presence of the fence, or even such inconvenience as could not abide the result of this litigation.

■■ A mandatory injunction is not granted as a matter of right, but is a form of relief, extraordinary in nature, to be granted only in rare cases of great necessity or extreme urgency when sound judicial discretion requires the court to act. *Taubert v. Fluegel*, 122 Ill.App.2d 298, 302.

■■ The requirements are even more stringent for the issuance of a mandatory temporary injunction prior to final hearing, and is permissible only if the right of one party is clearly established and the infringement of that right by another is causing serious injury. (*Ambassador Foods Corp. v. Montgomery Ward & Co.*, 43 Ill.App.2d 100, 105; *City of Chicago v. Peoples Gas Light & Coke Co.*, 170 Ill.App. 98, 109.) This is particularly true if, as appears to be the case here, complete relief may be afforded after final hearing.

Neither do we think that the record in this case as developed thus far, has sufficiently shown plaintiff's right to possession to justify the drastic action taken by way of the mandatory feature of the court's order. See *Cleaning and Dyeing Plant Owners Ass'n of Chicago v. Sterling Cleaners and Dyers, Inc.*, 278 Ill.App. 70, 77.

■■ In other words, we believe that the medicine prescribed in the instant case, was far too strong for the malady complained of, without complete diagnostic procedures. We have been unable to perceive why so expensive a requirement as the removal of the steel and concrete fence in question cannot await the result of a full hearing.

The temporary mandatory injunction as to the fence is reversed and the cause is remanded.

The temporary injunction restraining defendants from otherwise interfering with plaintiff's use of the premises is affirmed.

Reversed and remanded in part and affirmed in part.

DRUCKER and LORENZ, JJ., concur.