Robert B. Hall *et al.*, Plaintiffs-Appellees, *v.* Orlikowski Construction Company *et al.*, Defendants-Appellants.

(No. 74-262;

Second District—November 27, 1974.

Reid, Ochsenschlager, Murphy & Hupp, of Aurora (P. Scott Courtin, of counsel), for appellants.

Robert A. Chapski, of Elgin, and Lord, Bissell & Brook, of Chicago, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendants, Orlikowski Construction Company, a corporation and Bruno B. Orlikowski, individually and d/b/a Orlikowski Construction Company (hereinafter referred to as Orlikowski) have filed an interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (Ill. Rev. Stat. 1971, ch. 110A, par. 307(a)(1)) from orders of the trial court granting and refusing to dissolve a preliminary injunction. The injunction order restrained the Telegraph Savings and Loan Association (hereinafter referred to as the Association) and Old Republic Insurance Company (hereinafter referred to as the Insurance Company), additional defendants, from turning over insurance proceeds to Orlikowski, a contractor, in payment for repair of damages to the plaintiffs' home from a fire.

The injunction order was issued on the basis of a complaint which the plaintiffs filed on April 26, 1974, against Orlikowski, the Insurance Company and the Association. The plaintiffs, in alleging a breach of contract on the part of Orlikowski, sought to have the contractor respond in damages and also asked that the Insurance Company and the Association be restrained from delivering to Orlikowski the proceeds of an insurance policy to which the plaintiffs were entitled as the result of fire damage to their home.

The complaint alleged that the plaintiffs entered into a written contract with Orlikowski to repair and remodel their home in a good and workmanlike manner for the sum of $15,900, and that Orlikowski has refused to adequately repair the premises by reason of which the plaintiffs have been damaged in the sum of $20,000. The complaint stated that as a result of Orlikowski's faulty workmanship and his refusals to remedy the situation, the plaintiffs have refused to authorize the delivery to him of a check in the amount of $15,900 which the defendant Insurance Company, as the plaintiffs' insurer, deposited with the defendant Association. And that all of the defendants have acted in concert to compel the plaintiffs to turn over the check to Orlikowski. The prayer of the complaint was for a judgment against Orlikowski in the sum of $20,000 and costs and for the Insurance Company and the Association to be restrained from paying Orlikowski until further order of the court.

On May 16, 1974, the injunction was granted by a judge of the Kane County Circuit Court upon the allegations in the complaint. The order directed the Association and the Insurance Company to deposit with the clerk of the circuit court the insurance proceeds in question.

It appears that Orlikowski was personally present but without counsel

when the injunction under order was issued, and he was not served with the summons on the complaint until 7 days later.

After the proceeds were deposited as directed, Orlikowski moved to dissolve the injunction and also moved for a change of venue on the ground of the prejudice of the trial judge. In addition, the Insurance Company and the Association moved to have the complaint dismissed against them for failure to state a cause of action. The change of venue was granted on July 12, 1974, and the other motions were heard before the trial judge below on reassignment. He dismissed the Association and the Insurance Company from the case but denied Orlikowski's motion to dissolve the injunction.

Orlikowski contends that the allegations of the complaint are insufficient to warrant the relief sought. In particular, the defendants allege that no emergency has been shown to exist and that the plaintiffs have an adequate remedy at law by an action on the contract. In addition, Orlikowski contends that the court erred in issuing the injunction upon an unverified complaint.

The plaintiffs contend that Orlikowski lacked standing to challenge the issuance of the injunction because it was directed only against the Association and the Insurance Company. And they further argue that because the solvency of the defendants cannot be guaranteed at the time of the hearing on the merits, the temporary injunction was properly issued to maintain the status quo. In addition, they argue that the necessity of a verified complaint is not a strict procedural requirement.

■■ We find no merit in plaintiffs' first contention that Orlikowski is not a proper party to move the court to dissolve the interlocutory injunction for the reason that the injunction was issued against the other defendants and not against the contractor. A defendant may move to dissolve an injunction if it injuriously affects his interests, although the order is not issued against him. (*Hunt v. Pronger* (1906), 126 Ill.App. 403, 407. *Cf. Tri Square Realty Corp. v. Bressler* (1958), 17 Ill.App.2d 336, 339.) In Orlikowski's motion for damages, claiming the wrongful issuance of the interlocutory injunction, he has pleaded his inability to pay subcontractors for the work performed because of the plaintiffs' withholding of the funds. The contractor was a party to the complaint and although not a party to the injunction order, his interests were clearly injuriously affected by it.

■■ We next consider whether the complaint is legally sufficient to justify the interlocutory injunction. As a general proposition, a trial judge is clothed with discretion in ruling on the granting or denial of an interlocutory injunction; unless we find that he has abused the exercise of this discretion, the interlocutory order will not be set aside on appeal.

(*Schlicksup Drug Co. v. Schlicksup* (1970), 129 Ill.App.2d 181, 186.) The complaint for a preliminary injunction, however, must specify all facts necessary to justify the unusual relief sought, and where the order is predicated on the fact of the complaint, the facts relied upon to warrant the injunctive relief must be alleged with certainty and precision. (*Larkin v. Howlett* (1974), 19 Ill.App.3d 343, 345.) The complaint must demonstrate through positive and precise allegations of fact that irreparable harm will result if the status quo is not maintained. (*Knuppel v. Adams* (1973), 12 Ill.App.3d 708, 711.) And when, as here, the preliminary injunction is of a mandatory nature in that it requires the defendant to perform some act rather than merely refraining from some objectionable conduct, these requirements are strictly enforced. *National Bank v. River Forest State Bank* (1971), 3 Ill.App.3d 209, 211.

■■ In the complaint before us the factual allegations of a breach of contract on defendants' part do not demonstrate the possibility of irreparable harm if the injunction is not issued and the insurance proceeds are transferred to the defendants. The plaintiffs argue that they have no information as to the financial condition of the defendants so that it would be a mistake for the money to be delivered to them. However, the defendants' possible insolvency was not pleaded in the complaint, and there are no facts which indicate that the contractor's solvency is questionable. In these circumstances the plaintiffs have an adequate remedy at law by seeking damages in a breach of contract action. (*Rao Electrical Equipment Co. v. Macdonald Engineering Co.* (1970), 124 Ill.App.2d 158, 172-173.) We, therefore, conclude that the allegations of the complaint are insufficient to state a cause of action for the relief granted.

■■ It is also an abuse of discretion to issue a preliminary injunction on an unverified complaint which is not supported by a verified petition or affidavit. *Exchange National Bank v. Cullerton* (1974), 17 Ill.App.3d 392, 394; *Phelan v. Wright* (1964), 54 Ill.App.2d 178, 181.

For the reasons stated the orders below granting the interlocutory injunction and denying the motion to dissolve the injunction are reversed.

Reversed.

T. MORAN, P. J., and RECHENMACHER, J., concur.