H. A. Thulin, Appellee, v. National Ice and Fuel Corporation et al.
Appeal of National Ice and Fuel Corporation, Appellant.

Gen. No. 39,790.

Opinion filed December 15, 1937.

SAMUEL ARTHUR KARLIN and SABATH, PERLMAN, GOODMAN & REIN, both of Chicago, for appellant; ISAAC M. MILLS, of Chicago, of counsel.

KEANE & O'LEARY, of Chicago, for appellee; THOMAS E. KEANE and JOHN A. ZVETINA, of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Defendant, National Ice and Fuel Corp., brings this interlocutory appeal under the statute from an order granting an injunction without notice on July 23, 1937.

Plaintiff's complaint consisted of two so-called counts, the first of which alleges in substance that he is now and has been for the past 11 years engaged in the retail ice distributing business doing business in

the district bounded on the north by Harrison street, on the east by Pulaski road, on the south by Taylor street and on the west by Kildare avenue, in the city of Chicago; that prior to April 1937, he purchased all his ice requirements at wholesale from the National Ice and Fuel Corp. for resale at retail in the territory heretofore mentioned and paid said National Ice and Fuel Corp. $4 per ton, which is the prevailing wholesale price of ice to dealers.

Said first count further alleges that subsequent to April, 1937, plaintiff ceased purchasing ice from said defendant and commenced purchasing ice from another wholesale ice distributing company located in Chicago; that immediately following plaintiff's discontinuance of the purchase of ice from said defendant, threats were made by agents of said defendant, National Ice and Fuel Corp.; that if plaintiff did not resume purchasing ice from said defendant it would cause ice to be sold at retail to the customers of plaintiff in the territory in which plaintiff did business at a price at which plaintiff would be unable to compete; and further that said defendant would sell ice at wholesale to Johnson and McGeeney, who were customers of said defendant and were plaintiff's sole competitors selling ice at retail in plaintiff's territory, at a price which would permit the said Johnson and McGeeney to also sell ice at retail in said territory at a price at which plaintiff would be unable to compete and which would, therefore, destroy plaintiff's business.

Said first count further alleges that plaintiff refused to resume doing business with defendant, National Ice and Fuel Corp., and that as a result of its acts, combinations, conspiracies and agreements between the defendants, Johnson, McGeeney and itself, did maliciously and with intent to destroy the plaintiff's business and property, in May 1937, commenced

to solicit the business of and sell ice at retail to the customers of plaintiff at a price of approximately 50 per cent of the then prevailing retail price of ice and did in May, 1937, commence to sell to the defendants, Johnson and McGeeney, ice at wholesale at a price of approximately 50 per cent of the then prevailing market price of ice to dealers selling ice to the class of consumer to whom the plaintiff sold; that Johnson and McGeeney were the only purchasers of ice from the defendant National Ice and Fuel Corp. at a price less than the prevailing wholesale price of ice; that Johnson and McGeeney, in accordance with said combination, conspiracy and agreement with the defendant, did in May, 1937, commence to sell ice in the same territory in which plaintiff was doing business at a price of approximately 50 per cent of the then prevailing retail price of ice; that Johnson and McGeeney continued to sell ice outside of the territory in which plaintiff did business at a price greatly in excess of the price at which they sold ice in plaintiff's territory and did in said other territories sell ice at the then prevailing market price of ice.

Said first count further alleges that the defendant National Ice and Fuel Corp. prior to its combination, conspiracy and agreement with Johnson and McGeeney, was engaged solely in the wholesale distribution of ice and did not until May, 1937, engage in the retail sale of ice and that the defendant National Ice and Fuel Corp. is not engaged in the retail sale of ice in any district in Chicago except that in which the plaintiff does business; that said defendant has continued to sell ice at retail in the territory in which plaintiff has been doing business at a price of approximately 50 per cent of the prevailing sales price of ice and that the defendant has continued to sell to Johnson and McGeeney ice at wholesale at a price approximately 50 per cent of the prevailing wholesale price

of ice, so that Johnson and McGeeney might co-operate with the defendant in furtherance of a combination and conspiracy to control prices and to destroy plaintiff's business and property; that by reason thereof plaintiff's business and property were injured and plaintiff suffered a loss of many of his customers and was deprived of his just profits and income and asks judgment for the amount of damages so sustained amounting to $25,000.

The second count is substantially the same as the first and prays that the National Ice and Fuel Corp., its officers, agents and solicitors be enjoined from selling ice at wholesale to H. L. Johnson Ice Company, and Owen McGeeney, or to any person, firm or corporation for the purpose of resale in plaintiff's territory at a price less than the prevailing wholesale price of ice to other wholesale distributors similarly situated and that the National Ice and Fuel Corp., its officers, agents, employees and solicitors be restrained and enjoined from selling ice at retail in the territory bounded on the north by Harrison street, on the east by Pulaski road, on the south by Taylor street and on the west by Kildare avenue, which territory is located in the city of Chicago, Illinois, at a price less than the prevailing retail price of ice in said territory and that National Ice and Fuel Corp., H. L. Johnson, doing business as H. L. Johnson Ice Company and Owen McGeeney, their officers, agents, employees and solicitors be restrained and enjoined from continuing their illegal combination, conspiracy and agreement to control the retail sales price of ice in the aforementioned territory for the purpose of injuring plaintiff's business to the extent that they shall force him to discontinue in the operation of his business.

Plaintiff further asks that, as the matter is urgent and does not admit of notice of motion for a pre-

liminary injunction, a temporary restraining order issue enjoining defendants, National Ice and Fuel Corp., H. L. Johnson, doing business as H. L. Johnson Ice Company, and Owen McGeeney, their officers, agents, employees and solicitors, from performing any of the aforesaid acts until the further order of court.

The complaint is verified in the following manner:

"State of Illinois, } ss.
County of Cook.

"H. A. Thulin, being first duly sworn, on oath deposes and says that he is the Plaintiff in the above entitled cause; that he has read the foregoing complaint by him subscribed and that the same is true in substance and in fact.

"H. A. Thulin

"Subscribed and sworn to before me this 21 day of July, 1937.
(Seal) Allan I. Wolff, Jr.
Notary Public."

We have set forth the substance of the complaint quite fully and the affidavit thereto attached, for the reason that we are met at the outset by the charge that the complaint and affidavit accompanying the same is not sufficient to authorize the court to grant an injunction without notice.

Ch. 69, par. 3, sec. 3, Ill. State Bar Stats. 1935, provides as follows:

"¶ 3. NOTICE OF APPLICATION.] § 3. No court, judge or master shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it shall appear, from the [complaint] or affidavit accompanying the same, that the rights of the [plaintiff] will be unduly prejudiced if the injunction is not issued immediately or without such notice."

As will be seen from the complaint and the affidavit thereto attached, there is no reason given as to why the injunction should issue without notice, except the statement in the bill of complaint which reads: "Plaintiff further asks that, as the matter as above set forth is urgent and does not admit of notice of motion for a preliminary injunction, a temporary restraining order issue enjoining said defendants. . . ."

No facts have been set forth either in the complaint or affidavit which would justify a court in issuing an injunction without notice. The question with regard to courts issuing injunction on the face of the complaints without complying with the requirements of the statute has been before the courts of this State many times.

In the case of *Christian Hospital v. People,* 223 Ill. 244, the court cites the rule that is to be followed in a complaint and the affidavit accompanying the same, which would justify the issuance of an injunction without notice. In that case a temporary injunction was issued without notice, restraining the defendants from using the plaintiff's name or signature or picture in connection with the Christian Hospital; from sending out any more literature of the same kind or similar to that sent out on or about May 12, 1903; restraining them from using or distributing any of the letters written upon the letter-heads on which plaintiff's name appeared; from using plaintiff's name, signature or picture in connection with the certificate or literature of the hospital relating to its business; and from representing in any manner that plaintiff was then or ever had been connected with the hospital.

In setting aside a conviction for contempt for a violation of the injunction that had been issued, the court said: "There was nothing in the bill from which it could be inferred that the rights of the complainant would be prejudiced if notice was not given, and the

injunction was issued without notice, upon the affidavit of complainant stating his conclusions that his rights would be unduly prejudiced if the injunction were not issued immediately and without notice. It is the court, judge or master to whom it must appear, from the facts stated in the bill or affidavit, that the rights of the complainant will be unduly prejudiced, and not the complainant himself. The facts from which the inference arises are to be stated, and as the affidavit in this case stated nothing except the opinion of the complainant, it was not sufficient to make it appear to the court that he would be prejudiced in any manner.''

In the instant case it appears there is nothing to show, either in the bill of complaint or in the affidavit thereto attached that the plaintiff would be unduly prejudiced if the injunction were not issued without notice.

We are not passing upon any of the other questions in controversy which have been presented in the briefs.

For the reasons herein given the order of the superior court granting the injunction without notice is hereby reversed.

*Order reversed.*

HEBEL, P. J., and HALL, J., concur.