Bernice Grossman, Appellee, v. Herman Grossman, Appellant.

Gen. No. 41,101.

Heard in the third division of this court for the first district at the February term, 1940. ▮▮▮▮ Opinion filed April 10, 1940.

SAMUEL SHAMBERG and RUSSELL J. TOPPER, both of Chicago, for appellant; RUSSELL J. TOPPER, of counsel.

TURNER & TURNER, of Chicago, for appellee; MAURICE TURNER, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On October 7, 1939, plaintiff filed her complaint in the superior court. of Cook county and therein represented that the parties were married on July 28, 1938; that she conducted herself as a good and dutiful wife; that on March 3, 1939, without any provocation or justification, defendant quit and abandoned their home; that he has since failed and refused to resume marital relations; that he abandoned her without just cause or provocation; that she was living separate and apart from him without any fault on her part; that at the time of their marriage she was possessed of a sum in excess of $8,000; that she advanced in excess of $8,000 to him for the purpose of engaging in business; that the same represented her entire assets, and was advanced to him at various times and in various amounts from the day of their marriage until the time when he left her; that at the various times when the advances were made, he agreed to repay her, and informed her that she would share in the proceeds of the business or businesses to be engaged in by him, or in the proceeds of any enterprise in which he might engage; that he failed and refused to account to her for any proceeds, or to divulge to her the nature of any business he entered into; that he refused to pay back to her any of the funds so advanced; that she is informed and believes that he has in his possession and controls most of the moneys advanced to him, and that L. B. Harris and L. B. Harris & Company, a corporation, are indebted to him, or are holding for his use and benefit, certain chattels and other property arising out of the use made by him of the funds advanced by her; that

certain other personal property is kept by him in a safety box at the American Trust and Safe Deposit Company, and that he has funds on deposit with the Personal Loan & Savings Bank, a corporation, and Harris Trust & Savings Bank; that plaintiff has no other assets or property other than the funds she advanced to him; that although she is gainfully employed, she is partially dependent upon the funds advanced to him; that an injunction should issue without notice and without bond, directed to the parties named, restraining each of them from making any payment to him, or delivering to him any property, real, personal or mixed, which any of them may be holding for him, until the further order of the court, and denying him access to the safety deposit box. She prayed that the court determine the indebtedness of the defendant to her; that he be required to account to her for any moneys arising out of the operation of any business undertaken by him; that he be required to pay her any sum found to be due to her; that he be required to make suitable provision for her separate maintenance and suitable allowances for her necessary expenses in conducting the suit; that an injunction issue, and that she have such other and further relief as may be meet. The complaint is verified. On October 9, 1939, [Judge Nelson presiding] the court granted a temporary injunction, restraining the parties named from making any payments, or delivering to defendant any property in their charge, custody or control, belonging to him, and restraining the safety vault company from permitting him to have access to any box, and directing that the injunction issue without notice and without bond. On October 20, 1939, [Judge Bolton presiding] the court granted a further restraining order, which forbade defendant from selling, mortgaging, exchanging, conveying, or otherwise disposing of any and all property of any sort or description belonging to him, or in which he had any interest, in his possession or in the

possession of any person, firm or corporation, until the further order of the court, or from having access to any safety deposit box standing in his name, or to which he has the right of entry, until the further order of the .court. The second restraining order was also directed to issue without bond. On October 25, 1939, defendant, by his attorney, served notice on the attorneys for plaintiff that he would appear on the following day and move for the granting of such relief as was prayed for in the written motion, a copy of which was attached. On the following day the motion was presented and filed in the court. It is entitled, ''Motion to dissolve injunctions and strike bill of complaint.'' This written motion moved for the entry of an order striking the complaint, vacating the orders for the writs of injunction, and dissolving the injunctions. The first three paragraphs of the motion merely recite the history of the litigation up to that time. The fourth paragraph calls attention to the fact that the two orders for the injunctions showed affirmatively that the court was basing its action solely on the allegations of the verified complaint. The fifth paragraph of the motion called attention to an order entered by the executive committee of the court, which order established two calendars, from which divorce and separate maintenance cases were to be called. Defendant asserts that the executive committee order assigned the instant case to Judge John Bolton. Paragraph six makes the point that Judge Oscar Nelson, who granted the first injunction, was without jurisdiction so to do, as the case was not assigned to him. Paragraphs 7 to 12 of the motion are devoted to an attack on the sufficiency of the complaint. In brief, these paragraphs charge that there was a misjoinder of causes of action; that the court was without jurisdiction to decree any part of the relief sought; that the complaint in separate maintenance is insufficient in law in that the same fails to charge that plaintiff is in need of support and

maintenance, and that it is insufficient in law because it affirmatively shows that she is engaged in gainful employment. Defendant supported his motion with an affidavit in which he states that his wife is regularly employed, and that she earns approximately $300 a month; that he was not at that time engaged in any steady employment; that he did not own or operate any business or enterprise, and that he had an income of $100 a month, derived from the performance of odd jobs and the sale of real estate. On October 26, 1939, defendant presented his motion to vacate and dissolve, and asked for an immediate disposition of the motion. The court did not comply with the request of the defendant for an immediate disposition of the motion, but continued the hearing on the motion to November 24, 1939. On October 26, 1939, counsel for defendant in an oral argument in support of his motion to dissolve the injunctions, stated that in a separate maintenance proceeding the court is without jurisdiction to adjudicate any property rights. The defendant appeals from the interlocutory order granting the temporary injunctions under the provisions of rule 31 of the Rules of Practice and Procedure adopted by the Supreme Court. Under that rule, where an interlocutory order is entered on an *ex parte* application, the party proposing to take an appeal must first move to vacate the order in the trial court. Having so moved, he may appeal if the motion is denied, or if the court does not act thereon within seven days after its presentation. If he appeals on the basis that the court did not act within seven days from the presentation of the motion to vacate, the 30 days allowed for taking an appeal and filing the record in this court begins to run from the seventh day after the presentation of such motion.

The first point argued by defendant is that section 3 of the Injunction Act (sec. 3, ch. 69, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 109.351]) requires that notice

of the time and place of the application for an injunction shall be given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it shall appear, from the complaint or affidavit accompanying the same, that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice. The apparent purpose of requiring a notice is to give defendants an opportunity to show that the injunction should not issue. In *Brin v. Craig,* 135 Ill. App. 301, 306, this court said:

"This court has spoken many times in no uncertain voice in condemnation of the practice of granting an injunction without notice unless it is made clearly and indisputably to appear from facts recited and verified, that the rights of a complainant will be unduly prejudiced unless the same be granted without notice. No presumptions are to be indulged in favor of action without notice, but parties must, on facts stated and sworn to, bring themselves within the exception of the statute before being entitled to an injunction without notice. Failing so to do, an injunction granted will be held to be improvident and dissolved." (See also *Thulin v. National Ice & Fuel Corp.,* 293 Ill. App. 155.) It is obvious that neither the complaint in the instant case nor the affidavit in support of it, sets out any facts which would warrant the court in granting an injunction without notice. The alleged desertion took place on March 3, 1939. The complaint was not filed until October 7, 1939, about seven months thereafter. The complaint indicates that the defendant remained in Chicago all of this time. While it sets up that she advanced him in excess of $8,000, it does not charge him with any misrepresentation or fraud. The inference is that he was to enter some business in which he would use the funds so advanced by her, and that she would share in the profits of the business. The complaint asserts that he still has in his possession most of the moneys advanced to him. It does not set out any facts

to indicate that he intends to leave the jurisdiction, or to unlawfully conceal or dispose of the funds or his assets. The complaint asks that an injunction issue without notice and without bond. The complaint is barren of any sufficient allegations that would warrant the court in granting an injunction without notice. The affidavit does not add anything to the allegations of the complaint.

The second point urged by defendant is that the filing of a sufficient bond is an essential condition precedent to the issuance of an injunction in the absence of any showing in the complaint or affidavit that there is good cause for excusing bond. A perusal of the complaint and affidavit shows that plaintiff made no attempt to show any cause for issuing the injunctions without bond. While the matter of allowing the issuance of an injunction without the giving of a bond rests largely in the sound discretion of the court, nevertheless, a sufficient showing must be made on which to base the discretion. (*Peck v. Peck,* 214 Ill. App. 41, 43.)

In reply to the argument of defendant that the injunctional orders should be reversed because granted without notice, plaintiff insists that the motion to dissolve the injunctions waived any objections to their issuance without notice. It will be observed that the motion of defendant was to vacate and dissolve the injunctions. A like contention was made in *Lange v. Massachusetts Mut. Life Ins. Co.,* 273 Ill. App. 356, where this court said, page 361: ''Counsel for complainant calls this court's attention to a great many cases in which the Supreme Court and Appellate Court have held that the motion to dissolve an injunction without notice waives the point that no notice was given; that such motion is in the nature of a demurrer to the bill. We have examined all the cases cited by both counsel, together with many others, and we find that in each case where there has been a holding that the motion to dissolve waives the point that the injunc-

tion was issued without notice, the motion to dissolve was predicated upon the showing made on the face of the bill, and not on the fact that no notice had been served.'' Prior to the adoption of rule 31 by the Supreme Court, it was a common practice for defendants in cases where appealable interlocutory orders were entered *ex parte,* to file an appeal in this court without giving the trial court an opportunity to pass on the points they were raising. Rule 31 requires a defendant to present his motion to the trial court before he is permitted to appeal. If the trial court rules adversely, or fails to rule within seven days after the motion is presented, then he may appeal. In the instant case, the trial court did not rule within seven days from the time the motion was presented. Counsel for plaintiff asserts that the reason why the trial court did not decide the motion within seven days was because the court was occupied with other litigation. Rule 31 permits an appeal where the motion is not decided within seven days, and does not contain an exception to the effect that the appeal may not be prosecuted if the press of litigation be so great that the court cannot rule on the motion. Clearly, therefore, the defendant had a right to appeal when the court did not rule on his motion within seven days. Counsel for defendant maintains that to hold that when a defendant, in compliance with rule 31, moves to vacate or to dissolve an order for a temporary injunction which was issued without notice he thereby waives the point, would be tantamount to a judicial repeal of the section of the statute requiring notice. We agree with the opinion in *Lange v. Massachusetts Mut. Life Ins. Co., supra,* that where a defendant moves to dissolve or to vacate an order for an injunction issued without notice, he does not waive the point if it is raised at the time he makes the motion. Obviously, if a defendant does not include in his motion the point that the injunction was issued without notice, he thereby waives that point.

In the forepart of this opinion we gave a summary of the points made by the defendant in his written motion to dissolve and vacate the orders for the issuance of the temporary injunctions, which motion also sought to strike the complaint. The written motion does not make any point of the fact that the two injunctional orders were issued without notice, nor does it make any point of the fact that the court waived the giving of a bond. The first point in the written motion relates to the contention that Judge Nelson heard one of the motions, when the case was properly assigned to Judge Bolton. That point was abandoned because it has not been raised or urged in this court. The written motion also attacks the sufficiency of the complaint in that it maintains the complaint is multifarious, substantially insufficient in law and because plaintiff affirmatively shows that she is engaged in gainful employment. Defendant, in serving notice that he would present the motion, and in presenting the motion, and the court in acting thereon, was passing on the written motion. We assume that the written motion contained all of the points on which the defendant relied. Inasmuch as the written motion does not raise any objection to the issuance of the temporary injunctions without notice, or without requiring a bond, defendant may not now object on such grounds.

The third point urged by defendant is that the complaint must state ultimate facts which at least give rise to the probability that plaintiff is entitled to the relief before an injunction thereon will issue. It cannot be doubted that plaintiff has a right to an accounting from defendant for the sum of more than $8,000, which she alleges she advanced to him. In *Glennon v. Glennon,* 299 Ill. App. 13, 19 N. E. (2d) 412, this court held that under the liberal provisions of the Civil Practice Act and the rules adopted by the Supreme Court, a wife or husband who seeks separate maintenance may have

her or his property rights adjudicated in the same action. When necessary, the complaint may aver separate actions in equity and law, and may state the facts in the alternative. The court may, in its discretion, order separate trials of any cause of action if they cannot be conveniently disposed of with the other issues in the case, and may transfer any cause of action from the law to the chancery docket, or vice versa. Clearly, the complaint gave the court jurisdiction of the subject matter.

Finally, defendant argues that the court was without authority to grant an injunction restraining the husband from selling or disposing of his personal property, except in the ordinary course of business. It is unnecessary to pass on that point because an examination of the written motion presented by the defendant does not show that it was raised before the chancellor.

For the reasons stated, the injunctional orders entered by the superior court of Cook county are affirmed.

*Orders affirmed.*

HEBEL, J., concurs.

DENIS E. SULLIVAN, P. J., dissenting: I cannot agree with my colleagues as to the conclusion reached in this opinion.