Crown Building Corporation, Appellee, v. Monroe Amusement Corporation, Appellant.

Gen. No. 43,419.

Heard in the
third division of this court for the first district.
Opinion filed June 29, 1945. Released for publication July 24, 1945.

Isaac M. Mills, Sonnenschein, Berkson, Lautmann, Levinson & Morse, all of Chicago, for appellant; Isaac E. Ferguson and Morton Lane, both of Chicago, of counsel.

432

Soelke & Keehn, of Chicago, for appellee.

Mr. Presiding Justice Burke delivered the opinion of the court.

On Monday, February 26, 1945 the Crown Building Corporation filed a verified complaint in chancery in the superior court of Cook county against Monroe Amusement Corporation, alleging that defendant leased the theatre at 59 West Monroe street, Chicago, for the term beginning September 1, 1940 and ending August 31, 1945; that plaintiff on December 1, 1944 purchased the fee of the real estate and became the assignee of the lessor; that plaintiff served a notice of cancellation on defendant, demanding possession of the premises March 5, 1945; that defendant received the notice of cancellation and informed plaintiff it would surrender possession of the premises on March 5, 1945; that defendant expressed willingness to sell to plaintiff a 50 horsepower compressor unit with cooling coils, which was used to cool the demised premises, and two projector machines; that defendant had asserted that if unable to sell this equipment to plaintiff, it would remove the same upon surrendering possession; that on February 21, 1945 defendant informed plaintiff that the compressor had been dismantled and was about to be removed; that the compressor unit became the property of the lessor under the terms of the lease, on the termination thereof, because it was an essential part of the air cooling and ventilating system; that the projectors were essential to the operation of the theatre; that by reason of the war it would be practically impossible "except at an exorbitant price," to replace the compressor unit and projectors; that the compressor unit was installed pursuant to defendant's obligation under the lease to expend $10,000 or more in alterations and improvements; and that on information and belief defendant had no substantial assets other than its leasehold, and that a

money judgment against it would be uncollectible. Plaintiff prayed that defendant, its agents, employees and attorneys be enjoined from dismantling, disconnecting or removing any part of the 50 horsepower compressor unit, ventilating and air cooling system or the projectors, and from damaging them; that the defendant be required to deliver to plaintiff upon the expiration of the lease on March 5, 1945 the compressor unit and projectors; that if defendant "has already removed said compressor unit and projectors, or parts thereof," it would be required to return the same to the premises, and for other relief. On Tuesday, February 27, 1945, the court, without requiring notice to defendant, entered an order directing the issuance of an injunction restraining the defendant and its agents from removing from the premises the compressor unit and projectors and from selling or disposing of them. The court required that plaintiff give bond in the sum of $5,000, which was done, and the injunction issued. On February 28, 1945 defendant's attorneys served notice on plaintiff's attorneys that they would appear before the chancellor on March 2, 1945 and move to dissolve "and vacate" the injunction order. On March 2, 1945 a written motion "to dissolve and vacate" the injunction order was presented. This motion adequately presented the points subsequently urged before the chancellor and argued in the briefs filed here. On March 2, 1945 the court overruled defendant's motion and it perfected an appeal to this court.

Defendant maintains that the court erred in issuing the injunction without notice. Plaintiff insists that the issuance of the injunction without notice was within the discretion of the court under the facts alleged in the complaint and in the supporting affidavit for the purpose of preserving the *status quo* until the case could be heard on the merits. The complaint states that on February 10, 1945 defendant's attorney

telephoned plaintiff's attorney that his client intended to comply with the cancellation notice by turning over possession of the premises on or about March 5, 1945; that defendant intended before surrendering possession of the theatre to sell or otherwise dispose of the 50 horsepower compressor unit and the two projectors, but that defendant was willing to sell the compressor unit to plaintiff for $15,000 and the projectors for $1,100 each; and that the apparatus and machines mentioned were the property of defendant and did not on the termination of the lease become the property of the lessor. The complaint further alleges that on February 16, 1945 certain agents of plaintiffs were shown the compressor unit by Mr. Edward Trinz, general manager of the theatre, and were told by him that defendant was negotiating with certain parties not named for the sale of the unit, and that if it was not sold by March 5, 1945 it would be dismantled and removed from the premises; that on February 21, 1945 defendant's attorney stated over the telephone to plaintiff's attorney that the compressor had been dismantled and would be removed from the premises; that the projectors would also be removed from the premises, and also that the projectors would be replaced with certain other projectors previously discarded as obsolete.

Sec. 3, ch. 69, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 109.351], reads:

"No court or judge shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be effected thereby, or such of them as can conveniently be served, unless it appears, from the complaint or affidavit accompanying the same, that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice."

Where a preliminary injunction is issued without notice, in a case where a notice should have been given,

it is the duty of this court aside from any other question and without reference to the merits of the case as made by the averments of the complaint, to reverse the order denying the motion to dissolve the injunction upon that ground. *Koelling v. Foster,* 150 Ill. App. 130; *Kessie v. Talcott,* 305 Ill. App. 627. The apparent purpose of requiring a notice is to give defendant an opportunity to show that the injunction should not issue. In *Brin v. Craig,* 135 Ill. App. 301, this court said (306):

"This court has spoken many times in no uncertain voice in condemnation of the practice of granting an injunction without notice unless it is made clearly and indisputably to appear from facts recited and verified, that the rights of a complainant will be unduly prejudiced unless the same be granted without notice. No presumptions are to be indulged in favor of action without notice, but parties must, on facts stated and sworn to, bring themselves within the exception of the statute before being entitled to an injunction without notice. Failing so to do, an injunction granted will be held to be improvident and dissolved."

See also *Thulin v. National Ice & Fuel Corp.,* 293 Ill. App. 155; *Grossman v. Grossman,* 304 Ill. App. 507.

On February 10, 1945 the attorneys for the respective parties discussed the matter now in issue. These discussions were renewed on February 16 and February 21, 1945. Defendant's attorney frankly stated that his client was asserting ownership of the property now in dispute and offered to sell it to plaintiff. Plaintiff's attorney was given to understand that if a purchase was not arranged, the property would be removed on or about March 5, 1945, the date when, under the cancellation notice, defendant was required to vacate the premises. The theatre was in operation and located only three blocks from the court house. Service of notice could have been made in a few minutes. The action of the attorney for defendant in ne-

gotiating with the attorney for the plaintiff and frankly telling him the position taken by his client shows that the defendant was acting in good faith. To obviate the necessity of giving notice a mere possibility that the giving of notice of the application for injunction might produce or enhance imaginary mischief is not sufficient. *Sprague v. Monarch Book Co.,* 105 Ill. App. 530, 533.

It is interesting to note that the complaint was filed on Monday, February 26, 1945, but that the plaintiff did not make application for an injunction until the following day. In oral argument the attorney for defendant stated that assignments of chancery cases are not made until the day after they are filed. We call attention to rule 6 of the superior court, which states that on representation made by the solicitor for the plaintiff that the matter is one of emergency and requires an immediate hearing, the head of the chancery division, or in his absence, the judge calling the lowest numbered chancery calendar, may order that the clerk immediately deliver the files to the secretary of the judges for the attention of the executive committee. The assignment is then made. Sec. 4 of rule 17 of the superior court provides that in the case of any motion, the court retains the power by order entered *ex parte,* of enlarging or reducing the time of notice prescribed by the rule. Under these rules plaintiff could have procured the immediate assignment of the case and an *ex parte* order reducing the time of notice, and defendant could have been served with the notice to appear within a comparatively short time. We agree with defendant that the complaint makes no adequate showing that defendant could not conveniently and speedily have been served with notice of the application for the injunction, or that the rights of the plaintiff would be unduly prejudiced if the injunction did not issue immediately and without notice. The court erred in granting the in-

junction without notice and in overruling the motion to vacate and dissolve.

From the report of proceedings it appears that defendant, without answering, filed affidavits of Edward Trinz, manager of the theatre, and Henry Herlett, an employee of a concern engaged in the installation and removal of ice machinery, and introduced the testimony of the attorney who represented defendant in the telephone conversations mentioned. He testified about the negotiations over the telephone with the attorney for plaintiff. Sec. 16, ch. 69, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 109.362], provides that a motion to dissolve an injunction may be made at any time upon answer, or for want of equity on the face of the complaint. Sec. 16, provides that upon a motion to dissolve an injunction after answer, the court shall not be bound to take the answer as absolutely true, but shall decide the motion upon the weight of the testimony. Sec. 17 [109.363] provides that plaintiff may support his complaint and defendant may support his answer by affidavits filed with the same, which may be read in evidence on the hearing of the motion to dissolve the injunction. Sec. 20 [109.364] provides that depositions taken upon a motion to dissolve an injunction may be read in the final hearing of the cause. In *Dunne v. County of Rock Island*, 273 Ill. 53, the court said (56):

"It is not correct practice in this State, where no answer or plea is filed to the bill, to receive or consider affidavits where a motion is made to dissolve an injunction. Such a motion would operate in the same way as a demurrer to the bill, and being based on matters intrinsic and appearing on the face of the bill, no affidavits showing extraneous matters could be used. After answer is filed denying the allegations of the bill, upon motion to dissolve the injunction it is allowable to either party to introduce testimony or affidavits to support the bill and answer. In such a

case the preliminary motion is to be decided upon the weight of the testimony without accepting the answer as absolutely true. (*Wangelin v. Goe,* 50 Ill. 459.) For the same reason that affidavits are not received on motion to dissolve an injunction before answering or pleading to the bill, we hold that they should not be filed or considered on a motion for a preliminary injunction in any case. It is the office of an answer to deny the allegations of a bill in equity or to set up some affirmative matter as a defense, and it is the office of a demurrer to test the sufficiency of a bill upon its face. Issues of fact should be made up before any evidence is heard, and if only questions of law are to be raised, the bill should be taken as true as to all facts well pleaded and as stating the whole case for the court's consideration until the facts are denied by answer or further facts are pleaded by the defendant as matters of defense to the bill.''

The Civil Practice Act has not affected the rule announced in the *Dunne* case. On oral argument when we suggested that the introduction of affidavits and testimony, an answer not having been filed, was contrary to the views expressed in the *Dunne* case, the attorneys expressed the view that under the Civil Practice Act and the rules adopted by the Supreme Court the doctrine announced in the *Dunne* case was not applicable. The attorneys appeared to rely on Supreme Court rule 31, which provides that where an interlocutory order or decree is entered on an *ex parte* application, the party proposing to take an appeal therefrom shall first present, on notice, a motion to vacate the order or decree to the trial court entering such order or decree, and that appeal may be taken if the motion is denied, or if the court does not act thereon within seven days after its presentation. This rule does not affect the doctrine announced in the *Dunne* case. Under rule 31 the chancellor is given an opportunity to pass on the points urged, before an appeal may be

prosecuted. We are of the opinion that the rule announced in the *Dunne* case is the law today, and for that reason we have disregarded the affidavits and the testimony introduced by defendant.

For the reasons stated, the order of the superior court of Cook county of February 27, 1945 directing the issuance of the injunction, and the order of the superior court of Cook county of March 2, 1945, overruling the motion to dissolve the injunction, are reversed.

*Orders reversed.*

KILEY, J., concurs.
LEWE, J., took no part.