Orville P. Fox, Appellee, v. Fox Valley Trotting Club, Inc., Appellant.

Gen. No. 45,987.

Opinion filed January 14, 1953.

Released for publication January 30, 1953.

GREGORY, GILRUTH & HUNTER, of Chicago, for appellant; ROBERT L. HUNTER, and IRWIN T. GILRUTH, both of Chicago, of counsel.

THOMAS P. CUNNINGHAM, and HAROLD L. PRIESS, both of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal from an interlocutory order requiring the Trotting Club to deposit security in lieu of an appointment of a receiver to collect the Club's share of pari-mutuel receipts.

Plaintiff's motion to dismiss the appeal on the ground that the order was not appealable was taken with the case. The Civil Practice Act (par. 202, chap. 110, Ill. Rev. Stat. [1951, Jones ·Ill. Stats. Ann. 104.078]) authorizes appeals from interlocutory orders appointing receivers, or giving other or further powers or property to receivers already appointed. The Chancery Act (par. 55, chap. 22, Ill. Rev. Stat. [1951, Jones Ill. Stats. Ann. 106.20]) authorizes a chancellor, in lieu of appointing a receiver, to permit the party in possession to retain possession· upon giving bond with such security as the chancellor may order.

September 18, 1952 on motion of plaintiff the chancellor upon complaint and answer and after argument ordered defendant "in lieu of the appointment of a receiver" to file a surety bond of $75,000 within 5 days, conditioned on the payment to plaintiff of moneys found due or to become due under the complaint. It was further ordered that upon failure of defendant to file a bond the receiver would be appointed. September 23, defendant made a motion for the fixing of the bond covering the plaintiff's costs on defendant's appeal from the order of September 18th. The court refused to fix the bond until defendant complied, or refused to comply, with the September 18th order, and gave the defendant until 2 :00 p. m. that day, September 23rd, to deposit the bond or cash in the amount of $75,000. Defendant deposited a check for $75,000 and the chancellor fixed the amount of the appeal bond.

134

██ ██ The order of September 18th found that a receiver should be appointed and virtually made the appointment, giving the defendant an alternative in the form of a surety bond for $75,000. This court in (*Eddy Stoker Corp. v. Jaffe,* 314 Ill. App. 654) looked to the substance rather than to the form, and on that authority we decide that the order appealed from is tantamount to the appointment of a receiver and the order is appealable. We see no merit in the contention that by depositing the check defendant prejudiced its right to appeal. Obviously, the deposit was made under the compulsion of the court. It was deposited under such circumstances as to reserve the right to appeal. *Levy v. Rosen,* 258 Ill. App. 262. The motion to dismiss the appeal is therefore denied.

May 1, 1946 the parties made a lease for 5 years covering plaintiff's Aurora Race Track. The lease contained an option which was exercised in 1951 for an additional term of 5 years. The use of the premises was limited to the conduct of horse sales, shows and rodeo; the operation of harness racing meets, with pari-mutuel machine wagering; and in connection with all of these the operation of concessions. The rental terms were $25,000 base rent per year, plus a percentage of receipts of the pari-mutuel machines, of admission fees, and of the concessionaires' sales.

Defendant operated harness racing meets at the Aurora Track until 1952, paying rental ranging from $25,000 to $59,000 per year. In January 1952, defendant applied to the Illinois Racing Commission for a license to operate a harness racing meet at the Maywood Park Track in Maywood, Illinois. Plaintiff objected before the Board to the issuance of the license but the license was issued, and defendant began the operation of a 60-day meet at the Maywood Park Track August 11, 1952.

This suit was begun August 26, 1952, and the relief prayed for was the appointment of a receiver to collect at the Maywood Park Track the percentages stipulated in the Aurora Track lease; an injunction to restrain defendant from distributing its assets before plaintiff was paid what was due him under the lease; for an accounting of the commissions due under the lease for the Maywood Park operation; and for a judgment ''for all sums reserved as a rental in the lease.''

The chancellor found that it had jurisdiction over the parties and subject matter, that the complaint stated a good cause of action, and that a receiver should be appointed to prevent irreparable injury to the plaintiff. When the order was entered the defendant's sworn answer was on file denying that its Maywood Park operation violated any terms of the Aurora Track lease; denying liability of any rent due beyond the base rent; denying insolvency; and stating that plaintiff had an adequate remedy at law. There was no evidence taken except that which pertained to the amount of the bond to be posted in lieu of the appointment of the receiver.

The question is whether the chancellor abused his discretion in entering the order appealed from. Sec. 1 of the Chancery Act (chap. 22, Ill. Rev. Stats. [1951, Jones Ill. Stats. Ann. 106.01]) confers power upon the circuit courts of the State and the superior court of Cook county, where they have chancery jurisdiction, to proceed in the manner prescribed in the Act, and where no provision is made in the Act to proceed according to the general usage and practice of the court of equity. The only provision in that Act with respect to the appointment of receivers are pars. 54 and 55 [chap. 22, Ill. Rev. Stats. 1951, Jones Ill. Stats. Ann. 106.19, 106.20], making provision for bonds, waiver of bonds etc.

██ A sound judicial discretion in appointing receivers is based upon the fact that there is no other adequate remedy or means of accomplishing the desired result, and there should be a reasonable probability that plaintiff will ultimately prevail in the suit. [4 Pomeroy, Equity jurisprudence, Sec. 1331 (5th ed.)].

The equitable remedies of receiver, injunction and an accounting are sought by plaintiff on the basis of his prayer for judgment for rent. The first two are sought to protect plaintiff in the event judgment is in his favor; the third is for the purpose of liquidating the judgment debt.

██ The complaint alleges that the defendant perpetrated a fraud on plaintiff by refusing to use the Aurora Track so as to deprive the plaintiff of rental. This is not the clear showing of fraud which is required as a basis for appointing a receiver. *Simpson v. Adkins*, 311 Ill. App. 543, 550. No facts are alleged from which it appears, or can be inferred, that defendant was not free to avoid paying the rental percentages by conducting the meet elsewhere.

██ Plaintiff alleges that he is informed and believes that defendant at the end of each racing meet distributed all assets to its stockholders and in the interims had no tangible assets. The affidavit supporting the complaint states that plaintiff has read the complaint and that it is true "except with respect to the allegations which are on information and belief and which I believe to be true." Allegations verified on information and belief are insufficient to support an injunction order. *Will v. City of Zion*, 225 Ill. App. 179. We think the same rule holds for the extraordinary remedy of the appointment of a temporary receiver. The only allegation on which the court would have equitable jurisdiction for the appointment of a receiver

is that on information and belief. It follows that this allegation is insufficient.

■. Had plaintiff made the allegation of "insolvency" in a positive way, the allegation would still be insufficient to warrant the chancellor in making the appointment. Standing alone, such a positive allegation would not suffice. The allegation, if taken as true, that defendant distributed all its assets after each meet and between meets had no tangible assets, would not justify the inference of probability of insolvency. There is no allegation that defendant had any debts it could not pay. There is no allegation that it had no intangible assets which are insufficient if it had debts.

■ It seems to us that there is an adequate remedy at law. The suit for rent under the lease is a legal remedy. There is nothing in the complaint showing the contrary. There is no equitable element shown to bring the legal claim within the jurisdiction of the chancellor. *Pearson v. Tucson Farms Co.,* 204 Ill. App. 276.

■ Even if plaintiff had properly alleged insolvency of defendant the chancellor had no right in the face of the denial of insolvency, and the positive averments of defendant's financial condition stated in the sworn answer to make a finding of insolvency. This is especially so since it appears that the defendant had little difficulty in supplying $75,000 in cash for the bond in lieu of a receiver. The amount of the bond having been set after testimony of the probable receipts at the Maywood Park Track. The appointment of the receiver without taking evidence in support of the sworn answer was clearly erroneous. *Klass v. Yavitch,* 302 Ill. App. 229.

■ There was no cause of equitable jurisdiction stated in the complaint; there was a sworn answer on file and consequently the chancellor abused his discretion in making the appointment.

138

For the above reasons we think the order is erroneous and it is hereby reversed.

*Reversed.*

LEWE, P. J. and FEINBERG, J., concur.