Tri Square Realty Corp., a Michigan Corporation, Plaintiff-Appellant, v. Louis Bressler, Dorothy Bressler, and Exchange National Bank of Chicago, a National Banking Association, Defendants. Exchange National Bank of Chicago, a National Banking Association, Defendant-Appellee.

Gen. No. 47,433.

First District, Second Division.
April 29,. 1958.
Rehearing denied May 20, 1958.
Released for publication May 21, 1958.

Ettelson & O'Hagan, of Chicago (Leonard B. Ettelson, and Robert E. Samuels, of counsel) for plaintiff-appellant.

Brown, Dashow & Langeluttig, of Chicago (Albert Langeluttig, and Jack Joseph, of counsel) for defendant-appellee.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a suit in equity joining prayer for a declaratory judgment with a creditors bill and seeking a temporary injunction. The injunction issued December 13, 1957, without notice, restraining the defendant bank from paying out any money on deposit to the credit of Dorothy Bressler and restraining her from withdrawing from the bank any money which would reduce her deposit below the sum of plaintiff's judgment against her husband. On the bank's motion the injunction order was dissolved, January 20, 1958. Plaintiff has appealed from the order of dissolution.

The complaint alleges that both plaintiff and defendants, the Bresslers, are residents of Michigan; that in the Circuit Court of Wayne county, Michigan, in August, 1956, plaintiff recovered a judgment against Louis Bressler in the amount of $11,478.90 plus costs; and that execution on the judgment was returned nulla bona by the Sheriff of Wayne county.

On information and belief plaintiff alleges that when the judgment was entered the Bresslers were

337

owners of real estate in the city of Detroit, Wayne county, Michigan; that about a year after the entry of the judgment they sold the property netting cash of about $24,999; that in order to hinder, delay and defraud plaintiff the Bresslers conspired with each other, and persons unknown, to fraudulently transfer the $24,000 "and other monies and properties . . . into money of Dorothy Bressler, without any consideration"; that she removed the "said monies" beyond the process of the Wayne County Court; that garnishment proceedings in Wayne county availed plaintiff nothing; that the judgment "has, or, at the time of the filing of this complaint, will have been registered" in Illinois under the Uniform Enforcement of Foreign Judgments Act; and that plaintiff had no adequate remedy at law.

On information and belief plaintiff also alleged that the bank holds money of Louis Bressler but that pursuant to the alleged conspiracy, his money is deposited in the name of Dorothy Bressler but held by her and the bank for him. The complaint then concludes with the allegation that Louis Bressler had already transferred his property out of Wayne county, Michigan; that plaintiff lacks information about any other Bressler property; and that should the injunction not issue without notice plaintiff's rights will be prejudiced and he will suffer irreparable harm.

The question is whether the injunction order was properly dissolved.

■ ■ The sufficiency of the complaint is the test of the validity of the injunction order. The injunction issued without notice. To justify this advantage the complaint must show "that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued . . . without notice." Ill. Rev. Stat., Chap. 69, Par. 3. This court has decided many times that this means that the complaint must allege facts from which

338

the chancellor can infer the need of protecting plaintiff from undue prejudice arising from notice to the adverse party. Grossman v. Grossman, 304 Ill. App. 507, 512; Lee v. Morris, 326 Ill. App. 555; Thulin v. National Ice & Fuel Corp., 293 Ill. App. 155.

■ The instant complaint alleges that plaintiff believes that if notice of the application for injunction is given to the defendants, said money will be forthwith withdrawn and secreted "before a hearing could be had." These conclusions rest upon the prior allegations with respect to conspiracy to defraud plaintiff by placing money of Louis in the name of Dorothy Bressler. But those allegations are made on information and belief. Allegations of that nature will not support an injunction (Will v. City of Zion, 225 Ill. App. 179, 184; Fox v. Fox Valley Trotting Club, Inc., 349 Ill. App. 132) and we think they are insufficient to warrant obviating the necessity of notice under section 3 of the Injunction Act. The injunction should not have issued without notice and was accordingly properly dissolved. Thulin v. National Ice & Fuel Corp., 293 Ill. App. 155.

■ There is no merit in the contention that the bank had no substantial interest in, and was not prejudiced by, this proceeding and could not properly move to dissolve. The bank is a defendant, its freedom of action was limited by the injunction and its relationship with its depositor was disturbed and it could be subjected to legal action based on that relationship. These are reasons enough for our conclusion that the bank was a proper party to move to dissolve. The Supreme Court, moreover, has held that a bank has a right to interpose a defense in a garnishment proceeding "for the protection of the garnishee." First National Bank of Palatine v. Hahnemann Inst., 356 Ill. 366, 370. We think the same is true in the instant proceeding.

339

We need consider no other points raised. The order dissolving the temporary injunction is affirmed.

Affirmed.

LEWE and MURPHY, JJ., concur.