ALLSTATE AMUSEMENT COMPANY OF ILLINOIS, INC., *et al.*, Plaintiffs-Appellants, *v.* JOHN PASINATO *et al.*, Defendants-Appellees.

First District (5th Division)    No. 80-2457

Opinion filed May 15, 1981.

Fox & Grove, Chartered, of Chicago (Shayle P. Fox, Stewart Dolin, and Abraham Trieger, of counsel), for appellants.

Marks, Katz, Johnson, Randall, Weinberg & Blatt, of Chicago (William Biederman, of counsel), for appellee Thomas Graham.

Schultz & Schultz, of Chicago (Allen H. Schultz and Jay L. Schultz, of counsel), for other appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal from an order which denied, without an evidentiary hearing, their motion for injunctive relief. We affirm because we conclude that plaintiffs have not alleged facts which would show that its remedies at law are inadequate or that it would suffer irreparable harm without injunctive relief. Since the trial court based its decision solely on plaintiffs' pleadings, we assume, for the purpose of this opinion, that these allegations are true. The material allegations follow:

Defendant John Pasinato is accused of breaching his fiduciary obligations by usurping a business opportunity of his employer, the Studebaker Joint Venture. The joint venturers, Allstate Amusement Co. of Illinois and St. Louis Theatrical Co., produce and present plays and shows at the Studebaker Theater in Chicago. Pasinato was employed by plaintiffs as general manager of the Studebaker. With Pasinato as their agent, plaintiffs sought to lease the World Playhouse, a theater which was in the same building as the Studebaker. While he was supposed to be negotiating, on behalf of plaintiffs, with Thomas Graham and the Fine Arts Joint Venture (the lessors), Pasinato formed Playhouse Enterprises, Inc. (P.E.I.), and leased the World Playhouse on behalf of the new corporation. Graham and Fine Arts are accused of wrongfully inducing Pasinato to breach his fiduciary obligations to plaintiffs.

Based on these allegations the amended complaint seeks: (1) restitution of profits made by Pasinato and P.E.I. in operating the Playhouse; (2) compensatory and punitive damages, and (3) permanent injunctions prohibiting Pasinato and P.E.I. from operating or renovating the theater, and ordering Pasinato to transfer his interest in P.E.I. to plaintiffs.

After the trial court denied plaintiffs' motion for a TRO, plaintiffs filed a renewed motion containing substantially the same allegations as the amended complaint. This renewed motion for a TRO sought to: (1) enjoin Pasinato and P.E.I. from using or renovating the theater, and (2) restore the status quo which existed before defendants entered into a lease for the Playhouse. Plaintiffs allege, in the renewed motion, that unless Pasinato is enjoined from operating and renovating the theater, "the plaintiffs will be significantly, immediately, and irreparably harmed in that the [Studebaker] Venture will be prevented from leasing and using the Playhouse * * * and from renovating the interior of the Playhouse in a manner in which the Venture deems to be appropriate and proper." It is also alleged that unless a TRO is entered, Pasinato and P.E.I. will book shows into the theater, "which bookings will become binding upon the Venture if it is ultimately successful in this action, thereby preventing the Venture from operating the Playhouse and booking events as it deems proper."

After notice was given to defendants, the trial court heard the argu-

ments of counsel and denied the renewed motion without an evidentiary hearing. On appeal, plaintiffs contend that the trial court abused its discretion in denying the motion for injunctive relief. Pasinato and P.E.I. filed a motion to dismiss the appeal, contending that: (1) the appeal is moot because renovations have been completed and the theater booked for the current season; (2) the trial court's order is not appealable; and (3) plaintiffs do not have capacity to bring this action because a suit by a joint venture must be brought in the names of the joint venturers, and St. Louis Theatrical was not licensed to do business in Illinois when the action was filed.

OPINION

Section 3—1 of the Injunction Act (Ill. Rev. Stat. 1979, ch. 69, par. 3—1) establishes the requirements for issuance of an *ex parte* temporary restraining order. Although plaintiffs appeal from the denial of a "Renewed Motion for Temporary Restraining Order," defendants had notice and an opportunity to be heard by the trial court. Consequently we are not dealing with a motion for a TRO under section 3—1. Looking at the substance of the proceedings, rather than the designation of the motion (*Paddington v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 170, 300 N.E.2d 484), we conclude that plaintiffs' motion should be considered as a request for a preliminary injunction.

■■ To obtain a preliminary injunction, plaintiff must establish that (1) it possesses a protectible right; (2) there will be irreparable injury if the injunctive relief is not granted; (3) the remedy at law is inadequate; and (4) there is a likelihood that plaintiff will succeed on the merits. (*Bromberg v. Whitler* (1977), 57 Ill. App. 3d 152, 372 N.E.2d 837.) Injunctive relief is such an extraordinary remedy that plaintiff must plead facts which clearly establish that the remedy is necessary. (*Betts v. Department of Revenue* (1979), 78 Ill. App. 3d 102, 396 N.E.2d 1150.) Allegations of mere opinion, conclusion, or belief are not sufficient to show a need for injunctive relief. (*Betts.*) "[T]o establish a cause of action for injunctive relief plaintiffs must allege facts necessary to establish that their legal remedy is inadequate and that irreparable injury will result should injunctive relief not be granted. Consequently, allegations in a complaint that are conclusory in those respects are insufficient." (*Larkin v. Howlett* (1974), 19 Ill. App. 3d 343, 345, 311 N.E.2d 367.) Moreover, where money damages is an adequate remedy, injunctive relief is not proper. *G. H. Sternberg & Co. v. Cellini* (1973), 16 Ill. App. 3d 1, 305 N.E.2d 317, *appeal after remand* (1975), 30 Ill. App. 3d 874, 333 N.E.2d 261.

■■ In addition to injunctive relief, the amended complaint seeks restitution of profits, plus compensatory and punitive damages. Plaintiffs argue that these remedies are not adequate substitutes for the requested

injunctive relief because (1) plaintiffs' damages would be speculative and not readily calculable; and (2) P.E.I. might not make a profit, or its profit might not be as great as plaintiffs might make if they were running the Playhouse. Despite these arguments, the pleadings fail to state facts upon which we could conclude that insolvency is imminent for Pasinato or P.E.I., or that they would be unable to pay an award of money damages. Thus, there is no basis for concluding that a monetary award would not be an adequate remedy. *Hall v. Orlikowski* (1974), 24 Ill. App. 3d 60, 321 N.E.2d 23.

In support of their argument that damages would be too speculative to be an adequate remedy, plaintiffs rely on *ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.* (1978), 62 Ill. App. 3d 671, 379 N.E.2d 1228. In that case, we held that it was an abuse of discretion to deny a motion for a preliminary injunction enjoining plaintiff's former employees from soliciting and servicing plaintiff's clients. The employees in that case repeatedly breached their fiduciary duties to their employer by secretly setting up a rival company; "appropriating" the employer's personal property for the rival company; soliciting the employer's clients on behalf of the rival company; and enticing away the employer's other employees. After a mass walk-out, arranged by defendants, the employer lost 40 percent of its employees and 50 percent of its business. We noted that the defendants intended to destroy plaintiff's business, and we concluded that it was an abuse of discretion to deny a preliminary injunction enjoining defendants from soliciting or servicing plaintiff's clients.

The wrongdoing in that case was so egregious and so harmful to plaintiff that the possibility of money damages could not be considered an adequate remedy which would preclude preliminary injunctive relief, especially because of the difficulty in establishing the amount of lost profits. But we did not hold that restitution of profits or money damages are always inadequate remedies when an employee breaches his fiduciary duties to his employer.

Unlike *ABC Trans National*, where there was a pattern of grievious wrongs, the alleged breach of fiduciary duty in the present case occurred only once—when Pasinato usurped plaintiffs' business opportunity. Although it is possible to characterize this breach as "continuing" in the same sense that any injury or wrong can have lasting results, we are not persuaded that money damages or restitution of profits are not adequate remedies for the injury alleged in this case.

As for the argument that the restitution of profits is an inadequate remedy because P.E.I. might not make a profit, or might not make as much profit as plaintiffs might make if they ran the Playhouse, we find that these speculative conclusions are not supported by factual allegations in the pleadings and are not persuasive.

For the preceding reasons we conclude that the pleadings fail to show either that plaintiffs have no adequate alternative remedies or that injunctive relief is necessary to avoid irreparable harm.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.