DON CARRILLO, Plaintiff-Appellant, *v.* JAM PRODUCTIONS, LTD., *et al.*, Defendants-Appellees.

First District (3rd Division) No. 80—2183

Opinion filed June 23, 1982.—Rehearing denied August 24, 1982.

Donald J. Brooks, Ltd., Jonas, Schey & Associates, and Roger F. Maritote, Ltd., and William J. Harte, Ltd., all of Chicago (William J. Harte, of

counsel), for appellant.

Rudnick & Wolfe, of Chicago, for appellee Jam Productions, Ltd.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Don Carrillo, filed a class action for breach of contract against defendants, Jam Products, Ltd., and Frank Fried.[1] Plaintiff appeals from a judgment on the pleadings as to count I of the complaint. We affirm in part, reverse in part and remand.

Plaintiff purports to represent the approximately 70,000 people who purchased tickets to view via closed circuit television the Sugar Ray Leonard-Roberto Duran fight held in Montreal on June 20, 1980. Generally, plaintiff alleges that defendants breached their promise to provide a reasonable visual and audible transmission of the fight. Specifically, plaintiff alleges that the color reception was not discernible, that the reception was so dark and unclear that the identity of the fighters could not be determined, that the activity on the screen could not be distinguished or clearly observed, and that the audio was disjointed, garbled, unclear and intermittent. Plaintiff further alleges on information and belief that defendants formed a limited partnership or other legal entity to conduct all business activities related to the event and that this entity would not engage in any other business activity.

In count I of the complaint, plaintiff seeks a preliminary injunction restraining defendants from disposing of the proceeds from the ticket sales. In count II, plaintiff seeks damages.

Jam Productions filed an answer and counterclaim. It also filed a motion for judgment on the pleadings as to count I, which was granted. When the trial court entered judgment on the pleadings, it ruled that the suit could not be maintained as a class action.

We first address the issue of whether this suit may be maintained as a class action. In order for a suit to be maintained as a class action, the following prerequisites must be met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class which predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interest of the class;

---

[1] It appears that defendant Fried was never served with summons, and he is not involved in this appeal.

and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy. Ill. Rev. Stat. 1979, ch. 110, par. 57.2.

■ In regard to the first prerequisite, plaintiff alleges that approximately 70,000 tickets were sold by defendant to members of the class. We conclude that the size of the class manifests that joinder of all members would be impracticable and that requiring multiple separate claims would be an imposition on the members of the class as well as the courts. See *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 337, 371 N.E.2d 634, 642-43.

■ The main dispute over permitting this case to proceed as a class action appears to center on the second prerequisite, *i.e.*, that questions of law or fact common to the class must predominate over questions affecting only individual members. Defendant argues that since there were multiple locations where the fight was telecast, there could be no objective measure of clarity or general quality, and therefore questions regarding individual class members predominate. We disagree.

This case involves a series of essentially identical transactions by approximately 70,000 people which arose out of defendant's promotion, advertising and sale of tickets for the closed circuit telecast of the Leonard-Duran fight. The predominant issues concern the express and implied promises made by defendant to all patrons regarding the type and quality of telecast and whether the telecast was reasonably in conformity with those promises, not whether the telecast fulfilled each class member's individual expectations. Thus, successful adjudication of plaintiff's claim will establish a right of recovery in other class members. See *Society of St. Francis v. Dulman* (1981), 98 Ill. App. 3d 16, 18, 424 N.E.2d 59, 61.

Defendant further contends that individual questions predominate because the telecast was viewed at several locations and the quality of the telecast may have varied from place to place. This argument, however, is insufficient to defeat the class action. Under the class action statute, "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues, or divided into subclasses and each sub-class treated as a class." (Ill. Rev. Stat. 1979, ch. 110, par. 57.3(b).) The determination of whether the class should be subdivided should be made by the trial court at a preliminary hearing. (*Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 17, 428 N.E.2d 478, 484, *cert. granted* (1982), 456 U.S. 914, 72 L. Ed. 2d 173, 102 S. Ct. 1767.) Therefore, upon remand, the trial court should determine the feasibility of subdividing the class.

The third prerequisite for maintaining a class action concerns the ability of the representative parties to fairly and adequately protect the interest of the class. Thus, the plaintiff's interest must not be antithetical to that of other class members, and the suit must not be a collusive action. Also, the plaintiff's attorney " 'must be qualified, experienced and generally able to conduct the proposed litigation.' " (*Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 14, 428 N.E.2d 478, 482; *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 338-39, 371 N.E.2d 634, 643.) Here, there is nothing to suggest that plaintiff's claim is antithetical to the class members' claims or that the suit was brought as a collusive action. Also, the record demonstrates that plaintiff's attorney is qualified, experienced and generally able to conduct the proposed litigation. Thus, based on the record before us, it appears that plaintiff and his attorney have the ability to fairly and adequately represent and protect the interest of the class.

■ Finally, we believe that the fourth prerequisite for maintaining a class action, which requires that the class action be an appropriate method for the fair and efficient adjudication of the controversy, is present here. Since there are numerous class members with substantially similar claims, a class action will conserve time, effort and expense. (See *Society of St. Francis v. Dulman* (1981), 98 Ill. App. 3d 16, 19, 424 N.E.2d 59, 61-62.) Accordingly, we conclude that the trial court erred in refusing to permit this case to proceed as a class action.

In view of our conclusion, we address the question which arose at oral argument as to whether or not Indiana residents may be included in the class. The question of whether or not an Illinois plaintiff may maintain a multistate class action in Illinois was raised in *Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 428 N.E.2d 478, *cert. granted* (1982), 456 U.S. 914, 72 L. Ed. 2d 173, 102 S. Ct. 1767. In that case, the court upheld the right of the Illinois plaintiff to maintain the multistate class action. The court determined that such actions are constitutional if plaintiff adequately represents the nonresident parties and if notice can insure the class of its constitutional opportunity to be heard and protect each member's option to choose not to participate. *Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 14, 428 N.E.2d 478, 482.

■ In the present case, we conclude the record sufficiently demonstrates that the plaintiff can properly and adequately represent the Indiana residents provided that they are given sufficient notice which includes information regarding their right to be excluded from the class and the procedure to be used in seeking exclusion. If questions regarding Indiana law are found to predominate as to Indiana class

members, then the trial court should determine at a preliminary hearing whether a subclass composed of Indiana residents should be made. See *Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 17-18, 428 N.E.2d 478, 484.

We next address plaintiff's contention that the trial court erred in denying the entry of a preliminary injunction to prevent defendant from disbursing the proceeds of the ticket sales. We conclude that plaintiff's contention is untenable.

 In order for the court to grant a preliminary injunction, the plaintiff must establish that (1) he possesses a clearly ascertainable right which needs protection; (2) he will suffer irreparable harm without the injunction; (3) there is no adequate remedy at law for the injury; and (4) he is likely to be successful on the merits of his action. In addition, the court must conclude that the need for temporary relief outweighs any possible injury defendant might suffer by its issuance. (*Cross Wood Products, Inc. v. Suter* (1981), 97 Ill. App. 3d 282, 284, 422 N.E.2d 953, 956.) Injunctive relief is such an extraordinary remedy that the plaintiff must plead facts which clearly establish his right to this relief. Consequently, allegations consisting of mere opinion, conclusion or belief are not sufficient to support a preliminary injunction. (*Allstate Amusement Co. v. Pasinato* (1981), 96 Ill. App. 3d 306, 308, 421 N.E.2d 374, 375; *Betts v. Department of Revenue* (1979), 78 Ill. App. 3d 102, 108, 396 N.E.2d 1051, 1154.) In this regard, it has long been recognized that allegations made only upon information and belief are insufficient to support a preliminary injunction. *Phelan v. Wright* (1964), 54 Ill. App. 2d 178, 181-82, 203 N.E.2d 587, 589; *Tri Square Realty Corp. v. Bressler* (1958), 17 Ill. App. 2d 336, 339, 149 N.E.2d 798, 800; *Hope v. Hope* (1953), 350 Ill. App. 190, 194, 112 N.E.2d 495, 497; *Fox v. Fox Valley Trotting Club, Inc.* (1953), 349 Ill. App. 132, 137, 110 N.E.2d 84, 86; *Will v. City of Zion* (1922), 225 Ill. App. 179, 184.

Here, the allegations in the complaint to support the issuance of a preliminary injunction are as follows:

"11. Upon information and belief, the Defendants formed a limited partnership or other legal entity to conduct all the business activities in connection with the event and said limited partnership or other legal entity will engage in no other business activity.

12. Plaintiff and the class, therefore, have no adequate remedy at law since the limited partnership or other legal entity formed by the Defendants will most likely have distributed to third parties all monies received by it long prior to the time of

> the Plaintiff and the class obtaining the judgment for damages against it and the judgment will be, for all intents and purposes, an empty judgment incapable of being satisfied. Plaintiff and the class would thus be irreparably injured because recovery of their damages would be denied them forever. There is a reasonable likelihood that the Plaintiff and the class will prevail on the merits because the deficiencies in the audio and visual transmission of the event received widespread notoriety and publicity, is generally known by the public to have occurred and literally thousands of first-hand witnesses are available to testify on Plaintiff's behalf."

Plainly, these allegations are an insufficient basis for the issuance of a preliminary injunction. The allegations in paragraph 11 of the complaint are made upon information and belief. In his affidavit verifying the complaint, plaintiff specifically excludes "those matters alleged upon information and belief." The allegations in paragraph 12 consist only of conclusions and opinions. In the absence of material allegations sworn to by plaintiff, a preliminary injunction should not be issued. (See *Will v. City of Zion* (1922), 225 Ill. App. 179, 184.) Therefore, the trial court did not err in denying plaintiff's request for a preliminary injunction.

Accordingly, the ruling of the trial court that the case cannot be maintained as a class action is reversed, and the case is remanded for further proceedings consistent with what is stated in this opinion. The judgment on the pleadings as to count I with respect to the denial of a preliminary injunction is affirmed.

Affirmed in part, reversed in part and remanded.

WHITE, P. J., and McNAMARA, J., concur.