*In re* MARRIAGE OF JOYCE T. SCHMIDT, Petitioner-Appellee, and JAMES F. SCHMIDT, Respondent-Appellant.

First District (3rd Division)   No. 83—1106

Opinion filed September 14, 1983.—Rehearing denied November 8, 1983.

David I. Grund, of Chicago (Idrienne L. Heymann and Robert M. Knabe,

of counsel), for appellant.

Fred Speck, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

This is an interlocutory appeal, taken pursuant to Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)), from an order of the circuit court of Cook County which denied the motion of respondent, James F. Schmidt, to dissolve a preliminary injunction which prohibited him from disposing of his real and personal property and any assets in which he holds any interest whatsoever. The primary issue is whether the circuit court abused its discretion in entering the injunction.

The record on appeal shows that on December 21, 1979, the circuit court entered a judgment dissolving the marriage of respondent and petitioner, Joyce T. Schmidt. The judgment of dissolution of marriage expressly adopted a separation agreement entered into between the parties. That agreement provided, in part, that:

> "Husband shall convey and transfer to Wife, to have as her separate property, any and all of his right, title and interest in Land Trust Number 8—1190 at Oak Brook Bank, a trust which holds title to property commonly known as 15 Bar Harbour Road, Unit 5G, Schaumburg, Cook County, Illinois 60193. * * *
>
> Wife is to have all Husband's right, title and interest in said real estate and the land trust set forth above free of all incumbrances and assignments except that of the principal mortgage. * * *
>
> Husband is to pay to Wife on the first day of each month the amount of THREE HUNDRED TWENTY-THREE and No/100 Dollars ($323.00) by certified or cashier's check, which represents the principal mortgage payment. * * *
>
> Husband shall on or before the date of April 30, 1981 pay to Wife the principal mortgage balance remaining on the property identified above. If Husband shall fail to make such payment, then interest shall accrue and be payable to Wife at the rate of thirteen per cent (13%) per annum on any unpaid balance until such payment in full shall be made to Wife. To secure said payment, Husband shall obtain and pay premiums on a $35,000.00 term life insurance policy on his life with Wife as beneficiary thereof. Husband shall keep the said life insurance policy in full force and effect with Wife as beneficiary until the full payment of the amount due on April 30, 1981 as well as full payment of any interest which is due and owing under the terms set forth

above."

Subsequently, on March 1, 1983, petitioner filed with the circuit court two verified petitions: one for a rule to show cause and the other for a temporary restraining order. The petition for a rule to show cause alleged, among other things, that:

"4. In direct, willful and contumacious disobeyance of the Court's Order, Respondent failed to make [the April 30, 1981] payment as set forth in the Judgment;

5. Despite Petitioner's pleas for payment, Respondent has paid only a small portion of the amount due and owing, leaving an unpaid balance, as of the date of the filing of this Petition of $50,595.24;

\* \* \*

8. On Petitioner's knowledge and belief, no such insurance policy [as provided for in the judgment] exists, despite the extremely large unpaid balance;

\*\*\*

10. Respondent is a well-to-do entrepreneur with multifaceted business interests, while Petitioner is a secretary."

This petition asked the court, among other things, to enter a rule requiring respondent to show cause why he should not be held in wilful contempt of court and punished accordingly.

The petition for a temporary restraining order purports to incorporate the petition for a rule to show cause. This petition alleged that:

"3. Respondent is an entrepreneur involved in numerous joint ventures, partnerships and corporations and could shift and 'hide' his interests if not restrained by the Court, and thereby preventing [sic] Petitioner from recovering the sum due and owing her pursuant to the Judgment for Dissolution of Marriage.

4. Based upon Respondent's contemptuous, deceitful behavior over the past two years, Petitioner believes that he would 'hide,' transfer, dissipate his assets and interests if given notice of these proceedings before entry of a Restraining Order."

The prayer for relief in this petition requested:

"[A] Temporary Restraining Order to be issued restraining and enjoining Respondent, his agents or servants from transferring, selling, hypothecating, pledging, loaning or otherwise disposing of any of the following:

(1) his own real and personal property;

(2) any interests or assets he holds in any corporation,

partnership, joint venture, sole proprietorship or other business venture; or

(3) any other assets or monies in which he holds any interest whatsoever."

After an *ex parte* hearing on March 1, 1983, the circuit court entered an order finding that irreparable harm could result to petitioner if respondent were given notice of the proceeding and granting the temporary restraining order requested by petitioner. On March 11, 1983, after a hearing at which respondent appeared *pro se*, the circuit court entered an order which extended the temporary restraining order for 10 more days. By this order the court also entered a rule to show cause against respondent returnable on March 21, 1983.

On March 21, 1983, the circuit court entered an order which elevated the temporary restraining order to a preliminary injunction. Attorneys for both parties were before the court, but no pleading had been filed by respondent.

On April 7, 1983, respondent filed a document entitled, "Motions to Dissolve Temporary Restraining Order and Preliminary Injunction," which the circuit court on April 11, 1983, after a hearing, denied. It is from the order denying the motions that respondent appeals.

We first address respondent's argument that the circuit court erroneously issued the preliminary injunction. We recognize that the circuit court's exercise of discretion in ordering a preliminary injunction and in refusing to dissolve it will not be set aside absent a showing of abuse of discretion. *People ex rel. Fahner v. Steel Container Corp.* (1981), 102 Ill. App. 3d 369, 372-73, 430 N.E.2d 68; *Shappert v. Roettger* (1976), 36 Ill. App. 3d 452, 457, 343 N.E.2d 695.

In order to obtain a preliminary injunction, a party must establish: (1) that he possesses a clearly ascertainable right which needs protection; (2) that he will suffer irreparable harm without the injunction; (3) that there is no adequate remedy at law for the injury; and (4) that he is likely to be successful on the merits of his action. In addition, he generally must establish that the need for temporary relief outweighs any possible injury that the party to be enjoined might suffer by its issuance. *Carrillo v. Jam Productions, Ltd.* (1982), 108 Ill. App. 3d 126, 131, 438 N.E.2d 1197; *People ex rel. Fahner v. Steel Container Corp.* (1981), 102 Ill. App. 3d 369, 372; *Allstate Amusement Co. of Illinois, Inc. v. Pasinato* (1981), 96 Ill. App. 3d 306, 308, 421 N.E.2d 374.

We observe that respondent never filed an answer to the petition for temporary restraining order and that petitioner never filed a peti-

tion for a preliminary injunction. Since no answer was filed and no testimony was taken, the circuit court necessarily ruled that petitioner's pleadings standing alone were sufficient for granting injunctive relief. (See *Whitaker v. Pierce* (1976), 44 Ill. App. 3d 148, 150, 358 N.E.2d 61, *cert. denied* (1977), 434 U.S. 837, 54 L. Ed. 2d 99, 98 S. Ct. 127; *Schlicksup Drug Co. v. Schlicksup* (1970), 129 Ill. App. 2d 181, 186-87, 262 N.E.2d 713.) Accordingly, we must consider whether petitioner's petition for temporary restraining order, which incorporated her petition for a rule to show cause, was sufficient to warrant the issuance of a preliminary injunction.

Respondent argues that petitioner failed to plead facts which would establish that she would suffer irreparable harm without the injunction. It is well settled that "[a]n application for a preliminary injunction must specify all facts necessary to justify the unusual relief sought" and that "[t]hese facts must be alleged with certainty and precision." (*People ex rel. Fahner v. Steel Container Corp.* (1981), 102 Ill. App. 3d 369, 373; *Whitaker v. Pierce* (1976), 44 Ill. App. 3d 148, 150; see Ill. Rev. Stat. 1981, ch. 40, par. 501.) Thus, "allegations consisting of mere opinion, conclusion or belief are not sufficient to support a preliminary injunction." *Carrillo v. Jam Productions, Ltd.* (1982), 108 Ill. App. 3d 126, 131; *Allstate Amusement Co. of Illinois, Inc. v. Pasinato* (1981), 96 Ill. App. 3d 306, 308.

■ In our opinion, the pleadings here fail to demonstrate that petitioner would have suffered irreparable harm without the court's restraint. The petition for temporary restraining order merely alleges that respondent could hide his various business interests, and that petitioner believes that he would dissipate his assets and interests. The petition for rule to show cause alleged that respondent wilfully and contumaciously failed to make the payment described in the judgment of dissolution of marriage. We believe that the allegations that respondent could hide his interests and that petitioner believes that he would dissipate his assets are mere conclusions. Moreover, it is clear that the latter allegation is insufficient. It merely states the petitioner's belief, and we note that the verification of the petition for temporary restraining order, signed by petitioner, expressly excepts from the verification "those matters which are alleged on information and belief." In *Carillo*, this court stated that "allegations made only upon information and belief are insufficient to support a preliminary injunction." (*Carrillo v. Jam Productions, Ltd.* (1982), 108 Ill. App. 3d 126, 131.) In addition, we do not believe that the allegation that respondent wilfully and contumaciously failed to make payment, by itself, warrants the issuance of a preliminary injunction. Such an allegation

does not establish that there is no adequate remedy at law for the failure.

In sum, we believe that petitioner has not alleged facts which would show that her remedies at law are inadequate or that she would suffer irreparable harm without injunctive relief. Accordingly, we hold that the trial court abused its discretion in entering the preliminary injunction. In reaching this conclusion, we specifically note that the petitions do not allege that respondent had in the past hidden his interests or assets, or that he had made threats to dispose of them.

We further observe that neither party cited section 501 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 501) in support of its argument in this court. Section 501(a) provides:

"in all proceedings under this Act, temporary relief shall be as follows:

(a) Either party may move for:

\*\*\*

(2) a temporary restraining order or preliminary injunction, accompanied by affidavit showing a factual basis for any of the following relief:

(i) restraining any person from transferring, encumbering, concealing or otherwise disposing of any property except in the usual course of business or for the necessities of life, and, if so restrained, requiring him to notify the moving party and his attorney of any proposed extraordinary expenditures made after the order is issued; \*\*\*."

Assuming that section 501 is applicable to this case, we note: (1) that the preliminary injunction authorized by section 501(a)(2)(i) contains exceptions not present in the temporary restraining order and preliminary injunction entered in the instant case; (2) that there is no affidavit in the record; and (3) that section 501(a), like the case law cited in the body of this opinion, requires the movant to show a factual basis for the relief sought. Since we hold that under general rules of injunction law, petitioner has not shown a factual basis for a preliminary injunction, we do not address the other requirements of section 501. We merely note that if section 501 is applicable, petitioner has not satisfied its requirements.

■ Respondent also contends that the circuit court erred in entering the temporary restraining order of March 1, 1983, and the order of March 11, 1983, which extended the temporary restraining order for 10 more days. Petitioner answers that the temporary

restraining order as extended was no longer in effect when respondent filed his "Motions to Dissolve Temporary Restraining Order and Preliminary Injunction" on April 7, 1983. Thus, according to petitioner, any issue relating to the temporary restraining order is moot. In his reply brief, respondent counters this argument as follows: "[T]he issue of the Temporary Restraining Order and Extended Temporary Restraining Order were [*sic*] not moot because the damage provision [contained in section 11—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 11—110)] contemplates *** review of the validity of all Orders in the first place." We agree with respondent. In our opinion, a litigant who is successful in obtaining a dissolution of a preliminary injunction should be able to recover damages from the time he was first improperly enjoined, assuming that he complies with the requirements of section 11—110. Thus, we believe that the propriety of the temporary restraining order is properly before this court. We further believe that the temporary restraining order entered in the instant case was improper for essentially the same reason that we held the entry of the preliminary injunction to have been an abuse of discretion. Section 11—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 11—101) provides:

> "No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon."

In the instant case, the verified petitions failed to allege "specific facts *** that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." (See also Ill. Rev. Stat. 1981, ch. 40, par. 501(b).) Accordingly, we conclude that the entry of the temporary restraining order was an abuse of discretion.

For the aforementioned reasons, we reverse the order of the circuit court which denied respondent's motions to dissolve the preliminary injunction and the temporary restraining order, and we remand this cause to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

McGILLICUDDY and RIZZI, JJ., concur.