(No. 57344.—

DON CARILLO, Appellee, v. JAM PRODUCTIONS, LTD., Appellant.

*Opinion filed September 23, 1983.*

Theodore A. Shapero, Don E. Glickman, and Reuben A. Bernick, of Rudnick & Wolfe, of Chicago, for appellant.

William J. Harte, Ltd., Donald J. Brooks, Ltd., Roger F. Mariotote, Ltd., and Schey, Goffen & Associates, of Chicago (William J. Harte and Robert J. Schey, of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

On June 20, 1980, Sugar Ray Leonard and Roberto Duran fought a championship prize fight in Montreal, Quebec, Canada. The bout was shown throughout the United States via a closed-circuit television transmission arrangement in certain designated places, a number of which were located in Illinois and Indiana. On June 27, 1980, the plaintiff, Don Carillo, filed a two-count complaint in the circuit court of Cook County, on behalf of himself and all others similarly situated, against Jam Productions, Ltd., an Illinois corporation, and Frank Fried. Mr. Fried was apparently never served with a summons, and he is not a party to this appeal.

Count I was a class action which sought a preliminary injunction restraining defendants from dissipating or otherwise disposing of any of the proceeds derived from the sale of the tickets to the closed-circuit telecast of the prize fight. Count II realleged all of count I's class

action claims and sought a refund of the cost of the tickets. The plaintiff alleges that Jam Productions was the Chicago area promoter that sold admission tickets for the event to the general public. As a result of Jam's efforts, approximately 70,000 tickets were purchased for the telecasting of the event at a cost of either $15 or $20 per ticket. The record does not show why there was a disparity in the ticket prices.

The plaintiff alleged that the defendants violated both expressed and implied promises by failing to provide a clear, distortion-free transmission of the event. It was further alleged that the color was not discernable, the reception was dark and unclear, the outline of the fighters was hazy and undefined, and the audio was disjointed, garbled, unclear, and intermittent.

The plaintiff moved for the entry of a preliminary injunction as to count I, while the defendant moved for a judgment on the pleadings as to count I. On July 9, 1980, oral arguments were heard on the cross motions. During the course of those arguments, the trial judge remarked that he did not believe that the case was appropriate for class certification. The court said: "This is not a class action; I would never certify it as a class action." "I have had a lot of experience with class actions, and you haven't got a class action, so what do you want me to do, enter the order so you can start taking an appeal?" The plaintiff had not filed a motion for class certification.

The plaintiff alleges that, because count I of his complaint raises the class action issue and sets forth reasons why a class should be certified, the class certification issue was properly brought before the trial court. We disagree. References to a purported class or reasons set forth that support class certification in the plaintiff's complaint do not constitute an effective substitute for a motion to certify a class. The plaintiffs also assert the

transcript unmistakably shows that the trial court considered and denied class certification in this case. We also disagree with this assertion. While the trial court made reference to the "class action," it is clear that a motion for class certification was never made and the order entered in the trial court did not address the issue of class certification.

Thereafter, the trial court granted the defendant's motion for judgment on the pleadings as to count I, and denied plaintiff's motion for a preliminary injunction. Count II of the complaint, which sought only damages, was transferred from the chancery division to the law division of the circuit court of Cook County for further proceedings. The trial court, however, did not strike the class action allegations in count II.

Pursuant to Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)), the plaintiff appealed the denial of his request for a preliminary injunction. In his brief to the appellate court, plaintiff argued that a preliminary injunction should have been issued and that a class consisting of all persons who purchased tickets to the Leonard-Duran championship fight should be certified. In the defendant's brief to the appellate court, the defendant argued that the trial court did not abuse its discretion in not issuing a preliminary injunction and that the trial court did not err in determining that the class action was not an appropriate method for the resolution of this controversy.

The appellate court affirmed the trial court's denial of the plaintiff's motion for a preliminary injunction and also concluded that the trial court erred in refusing to permit the case to proceed as a class action and remanded the cause to the trial court for further proceedings. 108 Ill. App. 3d 126.

We granted Jam Productions' petition for leave to appeal (73 Ill. 2d R. 315). The issues before us are (1)

whether the appellate court should have ruled upon the propriety of bringing this suit as a class action and (2) if the issue was properly before the appellate court, whether the court erred in determining that the class action was an appropriate method for the resolution of this controversy.

The appellate court determined that the statutory prerequisites in bringing a class action were met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class which predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the members of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy (Ill. Rev. Stat. 1979, ch. 110, par. 57.2). Concerning the second prerequisite that questions of law or fact common to the class must predominate (over questions affecting only individual members), the court found that "[t]he predominate issues concern the express and implied promises made by defendant to all patrons regarding the type and quality of telecast and whether the telecast was reasonably in conformity with those promises, not whether the telecast fulfilled each class member's individual expectations." (108 Ill. App. 3d 126, 129.) The court went on to reason that the determination of whether the class should be subdivided (Ill. Rev. Stat. 1979, ch. 110, par. 57.3(b)), because the telecast was viewed at several locations and the quality may have varied from place to place, is one to be made by the trial court at a preliminary hearing. (*Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 17, *cert. dismissed for want of jurisdiction* (1982), 456 U.S. 914, 74 L. Ed. 2d 249, 103 S. Ct. 484.) The appellate court remanded to the trial court to determine the feasibility of subdividing the class. However, the appellate court missed a crucial step in not

determining whether the issue of certification of the class was properly before it.

Without ruling on the soundness of the appellate court's detailed reasoning as to the class-certification issue, we have determined that the issue was not properly before the appellate court. We therefore vacate the appellate court order and now remand to the circuit court to make the determination as to whether the prerequisites were met in the bringing of this purported class action.

The plaintiff argues that because Jam Productions did not in its brief to the appellate court raise questions of whether the trial court did rule on the class-certification issue and, if so, whether it was a final and appealable order, Jam Productions effectively waived those issues. There is no support for such an argument, for if an order has not been properly brought before the court, then the appellate court lacks jurisdiction to consider the merits of such an order. (See 87 Ill. 2d R. 301; *Atkinson v. Atkinson* (1981), 87 Ill. 2d 174.) Thus an objection to jurisdiction is not waived by a prior failure to make it. *Wells v. Kern* (1975), 25 Ill. App. 3d 93; *Village of River Forest v. Ash Realty Co.* (1974), 23 Ill. App. 3d 645.

The order of the circuit court reads:

> "This matter having come on to be heard on the plaintiff's Motion for a Preliminary Injunction and the defendant Jam's Motion for Judgment on the Pleadings, the court having reviewed the pleadings and having heard arguments by counsel and being otherwise advised in the premises:
>
> IT IS HEREBY ORDERED that the defendant Jam's Motion is allowed and the plaintiff's Motion is denied.
>
> IT IS FURTHER ORDERED that the Judgment is hereby entered in favor of the defendant Jam and against the plaintiff as to Count I.
>
> IT IS FURTHER ORDERED that the remaining Count II is transferred to the law division.
>
> IT IS FURTHER ORDERED that there is no just rea-

son to delay enforcement or appeal."

The order disposed of the plaintiff's motion for a preliminary injunction and the defendant's motion for judgment on the pleadings as to count I. No motion for class certification was made, and this order does not address that issue. Plaintiff's claim that the issue was raised and decided by the trial court is based exclusively on the previously mentioned remarks of the trial judge not incorporated into the order.

Because the plaintiff failed to make a motion to certify the class in the trial court, it was not permissible for the plaintiff to seek certification for the first time on appeal, and it was an error for the appellate court to rule on the question. See *People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303.

As the court said in *Wilcox*, in recalling what has been stated frequently in the past, "an issue not raised in the trial court cannot be raised for the first time on review." (61 Ill. 2d 303, 313.) While the trial judge did make oral remarks about the potential for plaintiff's claim to lie as a class action, he did not rule on the question of class certification, nor has the defendant had an opportunity to introduce evidence and demonstrate the inappropriateness of class certification.

Accordingly, we vacate the order of the appellate court and remand this cause to the circuit court to conduct an evidentiary hearing to consider whether this action can be maintained by Mr. Carillo, individually and on behalf of all others similarly situated, as a class action.

*Appellate court vacated; cause remanded, with directions.*